LOTTINGER, Judge.
The plaintiff, Jack F. Hall, filed this suit against Millard Smith to rescind the sale of a 1968 Volkswagen Van which he purchased from Smith on March 11, 1978, for $1,400.00. From a trial court judgment in favor of the plaintiff, the defendant Smith brings this appeal.
The plaintiff bought the ten-year-old van in response to an ad in the local newspaper. He paid the defendant $700.00 in cash on the day of purchase and drove the vehicle, which had more than 120,000 miles registered on the odometer, to Bogalusa. During the drive, the vehicle stalled a number of times. The plaintiff claims he talked to the defendant about the problems on the following Monday, but never specifically asked the defendant to repair the vehicle. The defendant denies he and the plaintiff spoke about the vehicle on the following Monday. In any event, on the following Wednesday the plaintiff paid the final $700.00 of the purchase price in cash.
On March 27, on another trip, the van caught fire and burned. The plaintiff claims he lost several items of personal property in the fire including camping and fishing gear, clothes, a pistol and perhaps some stereo-like equipment.
The defendant testified that the van’s motor had been rebuilt soon after he bought the vehicle in 1977 for $950.00. He claims he made about $800.00 in repairs on the vehicle. He furnished the plaintiff with copies of bills showing the repairs he had made while the van was in his possession.
The evidencé shows that ¡while the plaintiff may have spoken to the defendant about the stalling problem when he paid the remainder of the purchase price and while the plaintiff may have taken the vehicle to the automobile shop which rebuilt the engine, the plaintiff took no affirmative steps to have the vehicle repaired prior to the fire. In this connection, the defendant pled that the loss of the vehicle was caused *384 through no fault, negligence or other action of his.
The trial judge, calling the case “somewhat unfortunate,” said he “is convinced that defendant was in absolute good faith and had represented honestly and candidly the condition of the vehicle insofar as he knew it.” However, the trial court said the vehicle’s defects rendered its use so inconvenient and imperfect that the plaintiff would not have purchased it had he known of the defects. The court apparently believed the plaintiff’s expert, Charles Dillon, a friend of the plaintiff and a Volkswagen mechanic, who said lack of heater ducts and a loose carburetor caused the overheating and fire. The court ordered the defendant to repay the purchase price of $1,400.00 and noted that it was impossible to rescind the sale and order the return of the van since it had burned. Using Civil Code Article 2532, the judge placed the loss of the vehicle on the seller. He disallowed damages, relying on the same article.
In his brief before this court, the defendant relies heavily on the fact that the plaintiff did not give him a chance to repair the vehicle, which chance must be accorded a good faith seller under La.C.C. art. 2531 before the action of redhibition can be brought. Jordan v. LeBlanc and Broussard Ford, Inc., 332 So.2d 534 (La.App. 3rd Cir. 1976); see also Burns v. Lamar-Lane Chevrolet, Inc., 354 So.2d 620 (La.App. 1st Cir. 1977). While it is true that a good faith seller must be given a chance to repair a vehicle before rescission of the sale is granted, both Jordan and Burns, supra, suggest that the seller who has not been given a chance to repair the vehicle should raise this objection in a dilatory exception of prematurity. La.C.C.P. art. 926(1). Failure to raise a dilatory exception prior to answer or judgment by default generally results in a waiver of the exception. La.C.C.P. art. 928. We are certainly cognizant of the fact that, in the case at bar, the defendant may have thought it an exercise in futility to raise the exception of prematurity since the vehicle was destroyed and there was nothing to be repaired by the time suit was commenced. We find, however, that the dilatory exception of prematurity is the procedural vehicle by which a defendant in a redhibition action should assert his right to repair. Having failed to file such an exception, the exception is considered as having been waived.
As noted above, defendant in his answer pled he was not at fault in the van’s destruction. The defendant’s contention is that the plaintiff knew of the stalling and overheating problems in the van but continued to drive it until the van caught fire and burned. We find merit in this defense. The plaintiff knew full well that he was buying an old vehicle which had had a number of repairs made upon it prior to the purchase. The plaintiff experienced numerous stalling and overheating problems during the short period of time he possessed the vehicle, but did nothing to get the problems corrected even though he was planning a long trip. The plaintiff’s knowledge of a loose exhaust on the engine, and his knowledge of the stalling and overheating problems, should have put him on notice that something was wrong with this 10-year-old and well-worn vehicle. His failure to take action to have the problems checked out resulted in the vehicle being consumed by fire. In most cases, it should be obvious to a purchaser of a 10-year-old vehicle which has more than 120,000 miles on it that the vehicle may possess defects which will hinder its use. Having purchased this old vehicle and paid the full price with complete knowledge that the engine was malfunctioning, the plaintiff must bear the loss which occurred in this case.
Therefore, for the above and foregoing reasons, the judgment of the trial court is reversed, and plaintiff’s petition is dismissed with prejudice. All costs in both the trial court and in this court are assessed against plaintiff-appellee.
REVERSED AND RENDERED.