394 So.2d 1264 (1981)
CAPITOL CITY LEASING CORPORATION
v.
Sidney D. HILL, d/b/a S. D. Hill Logging Contractor, et al.
No. 13932.
Court of Appeal of Louisiana, First Circuit.
January 26, 1981.
*1265 Andrew J. Bennett, Jr., Baton Rouge, counsel for Capitol City Leasing.
Michael R. Connelly, Baton Rouge, counsel for Minton Equipment Co.
Michael Lee, Livingston, counsel for Sidney Hill d/b/a S. D. Hill Logging Contractors et al.
Before LOTTINGER, EDWARDS and PONDER, JJ.
LOTTINGER, Judge.
This is a suit by the lessor of two log skidders to collect unpaid rentals from his lessee. The lessee reconvened to have the lease set aside and to recoup damages allegedly resulting from the numerous vices and defects in the skidders. Both lessor and lessee filed third party demands against the seller of the skidders.
The trial court rendered judgment in favor of the lessee, Sidney D. Hill, doing business as S. D. Hill Logging Contractor, and against the lessor, Capitol City Leasing Corporation, cancelling both lease agreements and restoring to Hill $5,020.80 which represented the rentals paid on the two log skidders. The trial judge further awarded attorney's fees in the amount of $3,000.00 to Hill. Judgment in favor of Capitol City against the seller of the skidders, Minton Equipment Company, was also rendered. That judgment rescinded the sales of the skidders and ordered return of the purchase price in the amount of $32,960.00. Minton was also ordered to reimburse the lessor for all sums the lessor had to pay to Hill, plus the sum of $5,110.18 representing costs of sale and repair and the sum of $3,000.00 for attorney's fees for the lessor. Minton was given a credit in the amount of $16,000.00 which was the price the lessor received at a public auction of the two log skidders. The demands of the lessor and the seller against the lessee were dismissed, as were the demands of the lessee against the seller.
From these various judgments, the lessor and seller bring these appeals, and the lessee has filed a protective appeal.

FACTS
On December 7, 1976, Sidney Hill leased two used Bombardier log skidders from Capitol City Leasing Corporation for a 24-month term with a rental of $836.80 per month for each skidder.[1] Hill had previously obtained the skidders from Minton Equipment Company, Inc. for a trial period. Unable to obtain the proper financing to purchase the equipment himself, Hill contacted Capitol City in an attempt to arrange financing. V. W. Williamson, Capitol City's vice president, agreed to purchase the two skidders from Minton Equipment. Hill, in turn, agreed to lease the skidders from Capitol City for the above quoted rent. Capitol City paid Minton $16,905.00 for each skidder. There was no option to purchase under the lease.
Each lease agreement contains a waiver of warranty on the back page which reads as follows:
WARRANTIES. Lessor will request the supplier to authorize Lessee to enforce in its own name all warranties, agreements or representations, if any, which may be *1266 made by the supplier to Lessee or Lessor, but Lessor itself makes no express or implied warranties as to any matter whatsoever, including, without limitation, the condition of equipment, its merchantability or its fitness for any particular purpose. No defect or unfitness of the equipment shall relieve Lessee of the obligation to pay rent or of any other obligation under this lease."
On the front page of each lease agreement, printed in block letters, is the phrase: "THE TERMS AND CONDITIONS SET FORTH ON THE REVERSE SIDE OF THIS PAGE ARE A PART OF THIS LEASE."
During the negotiation for the lease of the skidders the lessor made clear to the lessee, and all parties so testified, that the lessor would not warrant the used skidders in any manner. However, the lessor verbally told the lessee that all warranty rights would flow from the seller of the equipment to the lessee. The testimony at trial indicates that there was an express warranty running from the seller to the lessee for a thirty-day period following confection of the leases. There was no waiver of the seller's implied warranty of fitness. La. C.C. art. 2476.
Almost from the time he began using the skidders, Hill experienced numerous problems with them. Although both skidders had been rebuilt by Minton prior to their sale to Capitol and lease to Hill, the machines experienced steering problems, wench problems, problems with the chain coming off of the wench pulley, problems with the universal joint in the drive shaft breaking, and numerous other problems rendering the skidders unfit for the logging business. Minton Equipment made a number of repairs to the machines during the 30-day express warranty period and continued to make repairs thereafter amounting to the sum of $2,250.69, which Minton is presently seeking against Hill.
Around March or April of 1977, Hill asked Capitol City if it would take the equipment back, but Capitol City refused. Williamson, vice president of Capitol City, testified that he had bought the equipment strictly for Hill's use and that he had no use for two used log skidders. Williamson said he agreed, however, for Hill to take the equipment back to Minton with the understanding that the rental payments would remain due and owing under the lease contract. Having become frustrated with the constant breakdown of the machines, Hill had Minton Equipment take the machines to its yard in Alexandria, Louisiana in the late spring of 1977, with the understanding that Minton would attempt to sell the skidders.
Capitol City filed suit to accelerate the rentals under the lease in June, 1977. Some 15 months later, while the suit was pending, Capitol City obtained the two skidders from Minton and sold them at a public auction on August 20, 1978. It received $8,000.00 for each skidder for a total of $16,000.00. Hill was not notified of the sale of the skidders until after the sale.

THE TRIAL COURT'S DECISION
This suit came on for trial in November, 1978. After hearing the testimony and viewing the evidence, the trial court found as a fact that Minton Equipment had rebuilt the skidders prior to the dates of sale, that there was no evidence that the skidders were improperly used or improperly maintained by Hill, that Minton's numerous repair attempts were insufficient, and that the skidders contained such vices and defects as to make them unfit for the purposes for which they were sold to Capitol City Leasing and leased to Hill. Of particular pertinence to this appeal, the trial court found that there was no "deliberate informed waiver of the lessors [sic] implied warranty in favor of Hill as accorded by Louisiana law." See La.C.C. arts. 2693-2695. Although the lease forms contained a waiver of warranty on the reverse side, the trial judge found that Capitol never specifically brought the warranty waiver to Hill's attention even though Capitol's representative had told Hill that the only warranty would come from the seller. Finding no waiver of warranty, the trial court ordered *1267 a cancellation of the leases and a return of the rentals in the amount of $5,020.80 because he found both skidders unfit for the leased purposes. Because there was no contract of sale from Minton to Hill, and therefore no privity of contract, the court disallowed Hill's action for rescission against Minton. As between Capitol and Minton, the trial court found that there was no waiver of warranty and inasmuch as the skidders were unsuitable for their intended purposes, he ordered a rescission of the sales based on redhibitory defects. The court ordered Minton to reimburse Capitol for the sums Capitol had to pay to Hill, plus the costs of repairs and repainting the machines for resale in the amount of $2,204.02, plus interest expense of $2,906.16, attorney's fees of $3,000.00 and all costs, subject to a credit of $16,000.00 which was the amount obtained for the skidders at public auction.

SPECIFICATIONS OF ERRORS
Minton argues on appeal that the trial court erred in allowing Capitol City to maintain a redhibition action without proof that a tender of the equipment for return of the purchase price had been made; in holding that Capitol City had carried its burden of proof as to redhibitory defects; in awarding damages and attorney's fees against Minton; and in denying Minton's reconventional demand against Hill. Capitol City argues that the trial court erred in holding that the waiver of warranty in the lease was ineffective; in awarding attorney's fees to Hill against Capitol City; and in awarding a return to Hill of the rentals paid to Capitol City. In his protective appeal, Hill claims the trial court erred in dismissing his action for damages and attorney's fees against Minton.

WAIVER OF LESSOR'S WARRANTY
In Louisiana National Leasing Corporation v. A. D. F. Service, Inc., 377 So.2d 92 (La.1979), the Louisiana Supreme Court was faced with interpreting a waiver of warranty identical to that found in the case at bar. The court noted that under Article 1764 of the Civil Code, implied warranties are not essential elements of contracts and they may be waived without destroying the character or effect of the contract. The court also stated that one must presume that persons engaged in business are aware of the contents of the agreements they sign. In holding that the waiver of implied warranty was valid in that transaction involving businessmen, the court stated:
"The phrase in block letters on the face of the lease that called attention to the terms and conditions on the reverse side, combined with the signatures of the [lessees], is sufficient evidence to find that the waiver was brought to the lessee's attention; that they did not avail themselves of the opportunity to carefully read the lease which they signed is not a cause to annul the waiver provision." 377 So.2d at 96.
Like the transaction involved in the Louisiana National Leasing case, the lease in the case at bar was a business transaction and not a consumer transaction under federal and state consumer protection laws. The only distinguishing factor between this case and the Louisiana National Leasing Corporation case is that an attorney signed the lease in the latter case whereas a man engaged in the logging business signed the lease in this case. We do not find that this distinction alone is sufficient to change the result. Mr. Hill was certainly aware, and he admitted on the stand, that Capitol City's representative told him specifically that there was no warranty running from Capitol City to the lessee. This verbal notification, combined with the fact that the lease form contained a printed waiver of warranty on the back page which was referred to in block letters on the front page, is sufficient for us to find that Hill validly waived any implied warranty owed it by lessor under the law. The trial court judgment finding the waiver of warranty invalid is therefore reversed, and Hill will be cast to pay $16,736.00 which is due under the acceleration clause for the first lease and $18,409.60 which is due under the acceleration clause for the second lease. These *1268 amounts will be offset by the $16,000.00 Capitol City obtained at the public auction for the two skidders. Hill will also be cast for attorney's fees in the amount of 20 percent of the rents due, which is the percentage set forth under the lease.
While the trial court's finding that there was no privity of contract between Minton and Hill is certainly correct, the trial court overlooked the fact that Capitol City assigned all of its warranty rights to its lessee. Being the assignee of the buyer's warranty rights against the seller, Hill stood in the shoes of Capitol City Leasing insofar as the seller's implied warranties on the skidders are concerned. Hill, in effect, stands in the shoes of the buyer as regards the exercise of warranty rights against Minton.
There exists in every sale the implied warranty against hidden defects in the thing sold. La.C.C. arts. 2475, 2476, 2521. This implied warranty against hidden defects arises by operation of law and, while it may be waived by the buyer, it need not be set forth in the act of sale in order to exist. There is no evidence in this case that Hill ever waived the implied warranty of fitness.
The fact that an express 30-day warranty was given does not mean that the implied warranty of fitness was waived.

REDHIBITORY DEFECTS
We must agree with the trial court that the vices and defects in the rebuilt log skidders were of sufficient severity to render the skidders useless for their intended purposes. La.C.C. art. 2520. We find, too, that since Minton rebuilt the machines with all new parts prior to the time of sale and lease, Minton became a manufacturer of the skidders. See Spillers v. Montgomery Ward & Company, Inc., 294 So.2d 803 (La.1974), where a company which adapted a truck for pulpwood hauling was found to be a manufacturer.
As a manufacturer, Minton is presumed to know the vices of the thing it sold and is answerable to the buyer for restitution of the price, repayment of expenses, including attorney's fees, and for damages. Breaux v. Winnebago Industries, Inc., 282 So.2d 763 (La.App. 1st Cir. 1973). Minton's argument that there was no tender of the equipment to it and request for return of the purchase price is untenable. Tender is not required as a prerequisite to a redhibitory action against the manufacturer. Burns v. Lamar-Lane Chevrolet, Inc., 354 So.2d 620 (La. App. 1st Cir. 1977). Additionally, the fact that Hill asked Minton to remove the machines from the job site and attempt to sell them is sufficient in our minds to show that a tender was actually made to the seller. See Perrin v. Read Imports, Inc., 359 So.2d 738, at 740 (La.App. 4th Cir. 1978). Minton will therefore be required to reimburse Hill for all of the amounts Hill must pay Capitol City Leasing. Minton will also be cast for $3,000.00 in attorney's fees in favor of Hill. Hill did not prove any other damages at trial and all other claims will be dismissed.

DECREE
Therefore, for the above and foregoing reasons, the decision of the trial court is reversed in part and amended in part as follows.
IS IS ORDERED, ADJUDGED and DECREED that there be judgment in favor of Capitol City Leasing Corporation against Sidney D. Hill, doing business as S. D. Hill Logging Contractor, and Robbie C. Hill, the lessee's guarantor, in the amount of $35,-145.60 representing the rentals due and owing under the two log skidder leases together with legal interest thereon from the date of judicial demand and subject to a credit of $16,000.00. IT IS FURTHER ORDERED, ADJUDGED and DECREED that there be judgment in favor of Capitol City Leasing Corporation against Sidney D. Hill and Robbie Hill for the sum of $5,110.18, together with legal interest from the date of judicial demand representing the cost of sale and preparation for sale, plus the sum of $3,829.12 for attorney's fees, which represents 20 percent of the accrued rentals due and owning by the lessees.
*1269 IT IS FURTHER ORDERED, ADJUDGED and DECREED that there be judgment in favor of Sidney Hill and Robbie Hill and against Minton Equipment Company, Inc. for all amounts the Hills have been cast to pay unto Capitol City Leasing Corporation, plus the sum of $3,000.00 in attorney's fees and all costs of these proceedings.
IT IS FURTHER ORDERED, ADJUDGED and DECREED that all of the other demands in this litigation are dismissed. REVERSED IN PART, AMENDED IN PART AND RENDERED.
NOTES
[1] A Bombardier skidder is a soft-track vehicle with high flotation qualities which can pull logs out of swamps where no wheeled vehicle can go.