ON THE MOTION TO DISMISS
COVINGTON, Judge.
Appellee, General Motors Corporation, has moved to dismiss the devolutive appeal of Daigle Pontiac-Buick-GMC, Inc., insofar as it affects General Motors Corporation.
The record reflects that trial of this matter was held on July 23, 1980, and that *1253 judgment was rendered at the close of evidence dismissing the principal demand insofar as it sought recovery against General Motors Corporation and dismissing the third party demand of Daigle Pontiac-Buick-GMC, Inc. in its entirety. The judgment was read and signed on July 25, 1980, and notice of the judgment was sent to all counsel of record on the same date. No party moved for a new trial. On January 9,1981, judgment was read, rendered and signed in favor of plaintiff, Johnnie L. Darville, and against defendant, Daigle Pontiac-Buick-GMC, Inc. The 1981 judgment referred to the fact that General Motors Corporation had previously been found free of fault as regards the damages suffered by plaintiff and dismissed by judgment signed on the 25th day of July, 1980. Notice of this judgment was sent on January 13,1981. There was no application for new trial filed. A devolutive appeal was taken on April 3, 1981, by Daigle Pontiac-Buick-GMC, Inc. from the judgment of January 9, 1981. No appeal was taken from the judgment of July 25, 1980.
We hold that the appeal taken on April 3, 1981, was untimely and must be dismissed insofar as it affects General Motors Corporation. LSA-C.C.P. art. 1915(1) provides for the dismissal of some of the parties in a suit by a partial judgment as to those parties although the trial court retains jurisdiction to adjudicate the remaining issues between the remaining parties. The judgment signed July 25, 1980, was a partial judgment within the meaning of this provision. To prevent such judgment becoming final, an appeal had to have been taken within the time fixed by law. Wright v. Mark C. Smith & Sons, 283 So.2d 85 (La.1973).
LSA-C.C.P. art. 1974 provides that the seven day delay for a new trial application commences to run on the day after the signing of the judgment or the mailing of the notice of judgment if required. Articles 2123 and 2087 of the Louisiana Code of Civil Procedure provide, respectively, that the thirty and sixty day delays for taking suspensive and devolutive appeals begin to run on the day following expiration of the delay for applying for a new trial if no such application has been timely filed.
Accordingly, the devolutive appeal of Daigle Pontiac-Buick-GMC, Inc., insofar as it affects General Motors Corporation, is untimely since it was not taken prior to September 2, 1980, the deadline for filing a suspensive appeal from the July 25, 1980, judgment, or prior to October 2, 1980, the deadline for a devolutive appeal from the July 25, 1980, judgment.
MOTION TO DISMISS APPEAL AS TO GENERAL MOTORS CORPORATION GRANTED.