LOTTINGER, Judge.
This is an action in quanti minoris by Johnnie L. Darville, plaintiff, against Dai-gle Pontiac-Buick-GMC, Inc. (Daigle) and General Motors Corporation (GMC) seeking a reduction in the price of a new 1978 Pontiac Grand Prix which plaintiff purchased from Daigle. Daigle filed a general denial and third partied GMC. GMC answered both claims. After trial on the merits, the trial judge dismissed plaintiff’s suit against GMC, took the case under advisement as against Daigle and subsequently rendered judgment in plaintiff’s favor against Daigle for $2,500.00 together with $750.00 in attorney fees.
The judgment dismissing GMC was signed on July 25, 1980, and the judgment in plaintiff’s favor against Daigle was rendered and signed on January 9,1981. In its motion for appeal Daigle only mentions the judgment of January 9,1981, whereas in its brief it argues that the trial judge was in error in dismissing General Motors. However, at 399 So.2d 1252 this court dismissed Daigle’s appeal insofar as it related to any liability on the part of GMC.
FACTS
Plaintiff purchased a new 1978 Grand Prix on August 19, 1978, from Daigle for a price of $8,222.90. Prior to the purchase plaintiff noticed water standing on the back floor of the automobile and was informed by the salesman that a car window had been left down, thus allowing rain water to enter the car. Plaintiff was promised that the water would be removed and the carpet replaced.
Approximately one week after the purchase, plaintiff and his wife, as well as two others, were returning from a trip to Houston when it began to rain. The automobile commenced leaking to such an extent that two or three inches of water accumulated on the floor inside the car. Plaintiff returned the automobile to Daigle for repair. Over the next seven months the automobile was returned to the dealership on 12 occasions for water leaks. The car apparently leaked at three spots, two of which have been repaired. The third leak was never repaired by the dealership.
In appealing Daigle argues that the trial judge erred in (1) fixing an excessive reduction in price, basing such reduction on improper criteria and (2) determining that the alleged defect complained of by plaintiff constituted a redhibitory vice within the codal provisions concerning redhibitory vices.
*504 ERROR NO. 1
Defendant-appellant argues that the amount of the reduction in price is usually arrived at by estimating the cost of repairing the defect, citing Menville v. Stephens Chevrolet, Inc., 300 So.2d 858 (La.App. 4th Cir. 1974), writ denied 303 So.2d 186 (1976). The estimated cost of repairing the third leak is $40.00.
However, in Menville v. Stephens Chevrolet, Inc., supra, Judge (now Justice) Lem-mon said:
“The cost of repairs, however, is not necessarily the sole measure of the diminution of value resulting from these defects. If the defects are few in number and quickly and simply remedied, the cost of repair may well be the only consideration. But when the defects are numerous and the repairs lengthy and frequent, then a greater reduction is warranted, because a forewarned buyer would not reasonably pay a full price, reduced only by the cost of repairs, if he knew the extensive repairs of the defects would significantly curtail his use and cause him considerable inconvenience and aggravation. The diminution which the trial judge may decree under C.C. art. 2543 is theoretically the difference between the sale price and the price the reasonable buyer and seller would have agreed upon if they had known of the defects.”
We are convinced that the trial judge was well within his discretion in reducing the price of this automobile by $2,500.00, considering the number of times this particular vehicle was returned to the dealership for repair, the time that the vehicle stayed in the repair shop, the inconvenience occasioned by plaintiff in constantly having an automobile that leaked whenever it rained, and the fact that the leak was not ultimately repaired.
ERROR NO. 2
Under this assignment of error appellant apparently argues that because plaintiff saw water in the vehicle prior to the sale he had full knowledge of any defect, and alternatively plaintiff was told that the dealership would fix a glass that was broken which should have put him on notice of any defects.
Plaintiff testified that upon noticing the water he was informed by the salesman that a window had been left down and rain came into the car, and that additionally when a door had been slammed closed a glass broke, necessitating replacement. The trial judge apparently believed this version, and we have no reason to find him in error. Noticing water on the floor of an automobile does not create a defect nor does it put one on notice of a defect, when the presence of water is attributed to someone’s leaving a window down. We find no error by the trial judge in declaring that these leaks were redhibitory defects.
Plaintiff seeks an increase in the award of attorney fees; however, plaintiff neither appealed nor answered the appeal and this court cannot in the absence of an appeal or an answer to an appeal amend the judgment in appellee’s favor.
Therefore, for the above and foregoing reasons the judgment of the trial court is affirmed at defendant-appellant’s costs.
AFFIRMED.