LOTTINGER, Judge.
This is an action in quant/ minoris wherein James Parke sued Gene Ricca for a reduction in the purchase price of a house which contained an allegedly defective air conditioning unit. From judgment of the trial court in favor of plaintiff, defendant has appealed.
On August 22, 1980, James Parke (plaintiff-appellee) bought a house located at 14347 Acacia Street, Baton Rouge, Louisiana, from Gene Ricca (defendant-appellant). Plaintiff visited the house on at least three occasions prior to signing a purchase agreement. On every occasion he noticed that the house was warm and that the air conditioning was blowing warm air. Plaintiff asked Michael Ricca, defendant’s son who was living in the house at the time, whether the air conditioning worked properly. Michael Ricca’s response was that he had not had any troubles but that he operated it at 80 degrees.
Plaintiff prepared a punchlist of items that he wanted repaired prior to passing the act of sale. The air conditioner was not mentioned. Plaintiff did not move into the house until around September 9, 1980, after returning from his honeymoon.
The trial judge reduced the purchase price of the residence by $450.00 for a defective air conditioning unit, after concluding that it had a hidden defect.
SPECIFICATIONS OF ERROR
Defendant-appellant Gene Ricca basically argues that the trial court erred in holding: 1) that the air conditioning unit was defective, 2) that the defect .was not discoverable through simple inspection, and 3) that the plaintiff was justified in relying on statements of defendant’s son, the previous occupant, that the air conditioner worked satisfactorily, in lieu of further inspection by the plaintiff.
Testimony at trial indicated that plaintiff discovered that the air conditioner was not working properly almost immediately after returning home from his honeymoon. Plaintiff received similar complaints from workmen who’d remodeled parts of the house while plaintiff and his wife were away. This, together with the fact that the unit was blowing warm air prior to the passage of sale, apparently led the trial court to conclude ■ that the unit was defective and that this defect existed prior to the sale. This conclusion is fully supported by the record.
Louisiana Civil Code Article 2521 states that apparent defects which can be discovered by simple inspection are not redhibi-tory vices. The Louisiana Supreme Court in Pursell v. Kelly, 244 La. 323, 152 So.2d 36, 41 (1963) defined “simple inspection” as follows:
“Article 2521 of the Civil Code excludes, from the vices for which redhibition may be demanded, apparent defects ‘that is, such as the buyer might have discovered by simple inspection * * * ’. Inspection, as defined by Webster’s New International Dictionary, 2nd Ed., means a strict or prying examination of the article by the vendee with a view of ascertaining its soundness. However, the Code limits the exclusion of warranty to those defects discoverable by a simple inspection. This, *409 it is manifest, relieves the buyer of examining the inner or hidden parts of the object of the sale for the purpose of ascertaining the existence of latent defects.”
In Darville v. Daigle Pontiac-Buick-GMC, Inc., 399 So.2d 1252, we held that a buyer was not put on notice of a defective leak in a car when he observed standing water on the floor, since the presence of water was attributed by the car salesman to a broken window and/or someone leaving a window down. The instant case reveals similar circumstances, and supports the trial court’s conclusion that the defect was not apparent.
Bermes v. Facell, 328 So.2d 722 (La.App. 1st Cir. 1976), is factually quite similar to the instant case. In that case there was a conflict as to whether an express warranty was given that the air conditioning would maintain a 20 degree differential between the inside and outside temperatures, but this court said that it was implied in the sale of a house with a central air conditioning system that the system is of adequate capacity to comfortably cool the house. The facts therein also showed that plaintiff visited the house before the purchase, noticed it to be warm inside and mentioned that fact to defendant, who responded that the children were running in and out of the house, causing it to be warm. This court held that an ordinary, prudent buyer is not held to the same standard that would be required of an expert in air conditioning, and affirmed an award which gave the buyer a new air conditioning unit.
The trial judge herein placed defendant’s son in a higher position than a mere tenant and felt that his response to plaintiff’s inquiry as to the condition of the air conditioner relieved plaintiff from any further inspection. In his oral reasons for judgment, he referred to “Mr. Mike Ricca’s statement that he liked it like that and the machine worked — or the air-conditioning unit worked to his satisfaction constantly.” The simple inspection requirement of Pur-sell did not require plaintiff to examine the inner and hidden parts of this air conditioning unit, especially after inquiring and receiving assurance from the defendant’s son that the air conditioning worked to his satisfaction. We find no error by the trial court in this regard.
Therefore, for the above and foregoing reasons, the judgment of the trial court in favor of plaintiff-appellee is hereby affirmed at defendant-appellant’s costs.
AFFIRMED.