SHORTESS, Judge.
I respectfully concur in the result.
Apparent defects are those which can be discovered by simple inspection, and such defects are not considered redhibitory vices. La.C.C. art. 2521 and Pursell v. Kelly, 244 La. 323, 152 So.2d 36 (1963). Mr. Nicholson was concerned about the property’s suscep *1150 tibility to flooding, as he was aware of the April, 1977, flood and knew that Lot 32 was adjacent to Hurricane Creek. He acted as a reasonably prudent buyer in inquiring about the potential for flooding while negotiating the sale for his mother. Mr. Nicholson alleged that certain misrepresentations were made by defendant during the negotiations. He stated that defendant told him that while he was laying the slab on Lot 32, in April of 1977, the property flooded, and he thereafter raised the slab one foot above the high water mark of the 1977 flood. Evidence tended to show that the 1979 flood was not as severe in this area as the 1977 flood. However, defendant testified that he did not represent to Mr. Nicholson that he had used the high water mark in elevating the slab. Rather, he stated that he told Nicholson that after the flood, he simply raised the slab approximately one foot above a line he found on a sand fill.
The central issue was whether defendant misrepresented the susceptibility of the property to flooding, thus relieving plaintiff from further investigation of this potential defect in the property. The trial judge obviously believed defendant’s version of the representations. The reviewing court is obliged to affirm a trial court’s finding of facts in assessing the credibility of the witnesses, unless the record reveals that the trial court was manifestly erroneous. Breen v. Eisworth-Talbert, Inc., 407 So.2d 77 (La.App. 4th Cir.1981). Also, an appellate court may not substitute its own version of facts, however reasonable, for that found by the trial court, unless the trial court was manifestly erroneous in finding facts not supported by credible evidence in the record. Dyson v. Gulf Modular Corp., 338 So.2d 1385 (La.1976). The trial judge was not manifestly erroneous in determining that there were no misrepresentations made by defendant. Assuming defendant’s version to be correct, plaintiff was put on notice that the property was susceptible to flooding. Thus, the defect was apparent, and the trial court must be affirmed. Compare Parke v. Ricca, 414 So.2d 407 (La.App. 1st Cir.1982).
As to Lot 27,1 agree with the trial judge that the defendant was negligent in building the slab below the flood point shown on his building permit, and then in not informing Mr. Nicholson of that fact. I do not agree that this property was purchased by Mr. Nicholson with “full knowledge” and would hold the builder-seller liable in quanti minoris for the flooding defect in this lot. However, I agree with the majority that plaintiff failed to prove diminution in the value of this property, as I do not find that the real estate appraiser’s testimony concerning Lot 32 may be analogized to Lot 27 to provide sufficient proof of damages.
Therefore, I concur in the result.