ELLIS, Judge:
This case, which is consolidated with the case of Moran v. Magee Motors, Inc., 393 So.2d 760, for trial, arises out of the sale of a truck to Jerry Moran by Magee Motors, Inc., on March 9,1976. Magee arranged for Mr. Moran to borrow $1,500 from Washington Bank and Trust Company for the down payment. The remainder of the price was financed by Parish National Bank, which obtained a chattel mortgage. Shortly after Mr. Moran purchased the truck, he began to have difficulty with it, and brought it in for repairs. At that time, there were just over 2,200 miles on the odometer. It was discovered that the oil pump had frozen up, damaging the engine heavily. After obtaining the authorization of General Motors, Magee installed a new short block on the truck.
In June, 1976, when the truck had over 10,000 miles on it, the engine froze up. At that time, Mr. Moran obtained counsel and tendered the truck to Magee, demanding rescission of the sale and the return of the purchase price plus other damages. The claim was denied on the ground of owner abuse, and these two suits have resulted.
Mr. Moran stopped making payments to Parish National Bank, which foreclosed on the truck. It was purchased by Philip Ray Thomas at the Sheriff’s sale. Magee paid Mr. Moran’s note at Washington Bank.
Magee filed the first suit to recover the amount of the Washington Bank note which it paid, and Moran reconvened, imp-leading General Motors, seeking rescission of the sale, the return of the purchase price and various items of damage consequent thereto. The second suit is by Mr. Moran against Magee and General Motors, seeking the same relief sought in the reconventional demand.
After trial on the merits, judgment was rendered in favor of Magee in the first suit, on the note, as prayed for, and in favor of Mr. Moran on his reconventional demand for certain damages incurred while using a replacement vehicle lent him by Magee. In the second suit, judgment was rendered dismissing Mr. Moran’s demands. He has appealed both judgments.
To prove his redhibition case, Mr. Moran offered his own testimony detailing his difficulties with the truck, and the fact that, in June, it suddenly froze up on him as he was driving it. He offered no expert testimony as to the cause of the difficulty.
The various Magee employees who worked on the truck, and who saw it after it was purchased by Mr. Thomas at the Sheriff’s sale, testified that the crankshaft and two rods were badly burned. Although they found the engine to be full of oil when the truck was brought in, they testified that that type of damage occurs when an engine is run without sufficient oil. No witness found any flaw or defect in the vehicle after it had been repaired the first time.
There is testimony that, at one time, Mr. Moran threatened to drain the oil out of the crankcase of the truck, run it until it was ruined, and then replace the oil. Magee’s witnesses testified that Mr. Moran had been advised that the truck which he purchased was too light for the purpose for which he intended to use it. Mr. Moran denied that he was given any adverse advice relative to the truck.
The trial judge found that Mr. Moran had failed to bear his burden of proof in the redhibitory action.
The plaintiff in a redhibitory action is obliged to prove that there is a latent defect in the thing bought which existed before the sale to him, and which renders the thing useless, or its use so inconvenient that he would not have purchased it had he *759 known of the defect. Articles 2520, 2530, Civil Code. He need not prove his case by direct or expert testimony. He need only show that the thing failed to perform in the intended manner under conditions of normal use. Rey v. Cuccia, 298 So.2d 840 (La. 1974); Neck v. Coleman Oldsmobile, Inc., 356 So.2d 532 (La.App. 1st Cir. 1977).
In this case, plaintiff proved that the engine seized up about 8,000 miles after it had been repaired. Defendant’s witnesses testified that the use to which plaintiff put the truck was beyond its capacity; that it appeared to have been run without oil; and that plaintiff had threatened to do just that to the truck. Under those circumstances we find no manifest error in the trial judge’s finding that Mr. Moran failed to carry his burden of proof in the redhibi-tory action.
Relative to the suit on the note, Magee placed in evidence the note, which was in its possession, but not endorsed or assigned in writing by the bank. Mr. Robert Magee, president of Magee Motors, testified that he had paid the note because of an agreement which he had with the bank, and Washington Bank delivered it to him. However, no written agreement with the bank was produced.
Magee cannot recover on the note as a holder, because it is payable to the order of Washington Bank, and is not endorsed. Nor can it recover as a surety, since a contract of surety must be expressed and cannot be proven by parol evidence. Articles 2278, 3035, 3039, Civil Code; Altex Ready-Mixed C. Corp. v. Employers Com’l U. I. Co., 308 So.2d 889 (La.App. 1st Cir. 1975). There is no conventional subrogation, which must be expressed, in favor of Magee, and no legal subrogation to the bank’s rights against Moran. Arts. 2159 et seq. Civil Code. Therefore, the testimony by Robert Magee, president of Magee Motors, Inc., that he paid the note is not sufficient to establish either title to the note or some other legal relationship which would enable Magee Motors to recover on the note. The judgment in the first case must therefore be reversed insofar as it awards judgment on the note in favor of Magee. However, since it appears that Magee Motors may be able to supply evidence of its ownership of the note, we will dismiss its suit without prejudice. Articles 1673 and 1844, Code of Civil Procedure; Rapides Savings & L. Ass’n. v. Lakeview Develop. Corp., 326 So.2d 511 (La.App. 3rd Cir. 1976).
The last matter raised by Mr. Moran bears on the damage award made on his reconventional demand. While the truck was being repaired the first time, Magee lent Mr. Moran another truck to use in his business of hauling live fish. After Mr. Moran picked up a load of fish, the truck broke down in Jackson, Mississippi, leaving Mr. Moran and the fish stranded. The trial judge awarded Mr. Moran all of the expenses incurred by him in connection therewith except the loss of the fish, which Mr. Moran testified he had to throw away. The trial judge found that Mr. Moran’s testimony as to what he paid for the fish and what happened to them, without further corroboration, was insufficient. Mr. Moran complains of the ruling in this respect.
After a review of the testimony, we find no manifest error in the conclusion of the trial judge in that respect. Mr. Moran’s testimony as to the price he paid for the fish, and as to their ultimate disposition, is vague and imprecise. We cannot say the trial judge was clearly wrong in disregarding it.
In case No. 13,777, the judgment on the main demand is reversed and set aside, and there will be judgment herein in favor of defendant Jerry Moran, dismissing the demands of Magee Motors, Inc., without prejudice, at its cost. In all other respects, the judgment is affirmed.
REVERSED IN PART, AFFIRMED IN PART AND RENDERED.