422 So.2d 1196 (1982)
Roy WELCH and Rosa Welch
v.
COMMUNITY MOTORS, INC., Chrysler Corporation and A.R.A. Manufacturing Company.
No. 15044.
Court of Appeal of Louisiana, First Circuit.
October 12, 1982.
Rehearing Denied December 16, 1982.
Writs Denied February 4, 1983.
*1197 Maurice D. Robinson, Jr., Hammond, for plaintiffs.
Carey J. Guglielmo, Baton Rouge, for Chrysler Corp.
E. Wade Shows, Baton Route, for Community Motors.
Peter Dazzio and George Anding, Jr., Baton Rouge, for A.R.A. Mfg. Co.
Before COVINGTON, LEAR and LANIER, JJ.
LEAR, Judge.
This is a redhibition suit which arises from the sale of a 1977 Dodge Kary Van to Roy and Rosa Welch by Community Motors, Inc. Roy and Rosa Welch brought suit against Community Motors, Inc., Chrysler Corporation and A.R.A. Manufacturing. Community Motors, Inc. in turn instituted a third party demand against Chrysler Corporation and David Cooper d/b/a Cooper's Automotive Warehouse Distributor.
Judgment was rendered on behalf of plaintiffs, Roy and Rosa Welch, and against *1198 Community Motors, Inc. and Chrysler Corporation, in solido, rescinding the sale of the truck, returning the purchase price of $10,469.44, with legal interest, and awarding plaintiffs $3,500.00 in attorney's fees. In addition, Community Motors, Inc. was granted relief on its third party demand against Chrysler Corporation in the entire sum for which Community Motors, Inc. is liable and also awarding Community Motors, Inc. $3,500.00 in attorney's fees. The plaintiffs' claim against A.R.A. Manufacturing and Community Motors' third party claim against David Cooper d/b/a Cooper's Automotive Warehouse Distributors were dismissed. Community Motors, Inc. and Chrysler Corporation have appealed.
Plaintiffs purchased a 1977 Dodge Kary Van, sight unseen, from Community Motors on September 23,1977. They specified that they needed the vehicle for a business trip on September 29, 1977, and requested delivery prior to that time. The vehicle was delivered at 1:30 a.m. on September 29, 1977.
Later on the morning of the 29th, when plaintiffs prepared to leave on their trip, they noted the following problems with the vehicle: a spring on the rear door was broken and consequently the door did not roll up and down easily; the sheet metal floor buckled; there were rust streaks on the body; and various screws were missing.
Plaintiffs testified that a short time into their trip the air conditioner began to malfunction and the transmission began to slip. In addition, they found that the gas tank leaked around the top and therefore could not be filled to capacity. Upon returning home plaintiffs noted that the right front tire was worn down to the cords.
In addition to the above plaintiffs allege the following defects: the backup lights did not work, the tail pipe was hanging too low and the glove box would not open.
The work tickets in evidence indicate that, from the time plaintiffs took delivery on September 29, 1977, until the time they tendered the vehicle on January 5,1978, the vehicle was returned to Community Motors for repair on four separate occasions. Mr. Welch alleges that when he returned to pick up the vehicle on January 5,1978, a CB that he had installed was missing and he could see that all of the repairs had not been made. Community Motors alleges that at this time all of the repairs had been made. Mr. Welch did not test drive the vehicle; he did however tender it to Community Motors and thereafter instituted this suit.
Appellants Community Motors and Chrysler urge in separate appeals that the defects enumerated in plaintiffs-appellees' original petition are not redhibitory in nature.
Civil Code article 2520 which defines redhibition states:
"Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."
In order to sustain a suit in redhibition a purchaser must prove the following elements: (1) that the thing sold is absolutely useless for its intended purpose or its use is so inconvenient that had he known of the defect he would never have purchased it; (2) that the defect existed at the time of sale but was not apparent; and (3) that the seller was given an opportunity to repair the defect. Purvis v. Statewide Trailer Sales, Inc., 339 So.2d 403 (La.App. 1st Cir. 1976).
Apparent defects, those which can be discovered by simple inspection, cannot form the basis for a redhibitory suit. LSA-C.C. 2521. The defects which plaintiffs noted upon first seeing the car (rear door broken, buckled floor, rust streaks on body, screws missing) are apparent defects and therefore are not redhibitory in nature.
Regarding the air conditioner, which was manufactured by A.R.A. Manufacturing and installed by David Cooper d/b/a Cooper's Automotive Warehouse Distributor, plaintiffs testified that it leaked water and blew hot air. As a result of this complaint, *1199 Community Motors straightened a crumpled hose and recharged the unit with freon. There was conflicting testimony as to whether or not the problem continued; however, an A.R.A. representative testified that if the problem did recur it would have been due to the fact that plaintiffs were attempting to cool the vehicle with the rear door partially open, thereby causing the unit to freeze up.
With respect to the tire that had been worn down, John Evans, president of Community Motors, testified that front end alignment problems are not the responsibility of the dealer. However, Community Motors replaced the worn tire and had the front end aligned at their expense.
The remaining major defect of which plaintiffs complain is the gas tank. The record shows that when plaintiffs first brought the vehicle in for repair, Community Motors straightened a crimped hose on the gas tank and in so doing felt they had alleviated the problem. However, the leaking persisted and upon a second inspection Community Motors determined that a new grommet had to be ordered to repair the gas tank. As a result of the problem with the gas tank, plaintiffs were inconvenienced, because while awaiting the new part, they could not fill the gas tank to capacity and thus had to make frequent stops on their business trips.
The remaining defects (backup lights not working, tail pipe too low) were not sufficiently serious to be considered redhibitory in nature. In addition, the evidence in the record does not support plaintiffs' allegation that there was a persistent problem with the transmission slipping.
Despite the presence of the proven defects during the three month period after purchase, plaintiffs were able to use the vehicle to conduct their business and in so doing put approximately seven thousand, six hundred miles on the vehicle. Because the defects which were present did not render the vehicle absolutely useless, the trial court was in error in granting a rescission of the sale.
However, the defects did diminish the utility of the vehicle and as such constitute a partial failure of consideration. Wade v. McInnis-Peterson Chevrolet, Inc., 307 So.2d 798 (La.App. 1st Cir.1975). In instances where there has been a partial failure of consideration, the court is authorized to grant a reduction in the purchase price rather than a rescission. LSA-C.C. 2543; Cloud v. Huffman Motor Company, Inc., 416 So.2d 266 (La.App. 3rd Cir.1982).
A discussion of what is to be considered when calculating a reduction in price can be found in Menville v. Stephens Chevrolet, Inc., 300 So.2d 858, 861-862, (La.App. 4th Cir.1974), writ denied, 303 So.2d 186 (La. 1974). In Menville the court said:
"When a judge orders reduction of the sale price, one of the principal elements in formulating the award is the cost of repairing the defects which existed at the time of the sale. The cost of repairs, however, is not necessarily the sole measure of the diminution of value resulting from these defects. If the defects are few in number and quickly and simply remedied, the cost of repair may well be the only consideration. But when the defects are numerous and the repairs lengthy and frequent, then a greater reduction is warranted, because a forewarned buyer would not reasonably pay the full price, reduced only by the cost of repairs, if he knew the extensive repairs of the defects would significantly curtail his use and cause him considerable inconvenience and aggravation. The diminution which the trial judge may decree under C.C. art. 2543 is theoretically the difference between the sale price and the price the reasonable buyer and seller would have agreed upon if they had known of the defects."
In this case the record reflects the fact that all of the costs of repairing the vehicle have been borne by Community Motors. However, due to the problems experienced with the vehicle plaintiffs are entitled to a $400.00 reduction for aggravation and inconvenience caused by the defect in the gas tank and to a reduction of $100.00 *1200 for aggravation and inconvenience caused by the defect in the air conditioner.
Judgment is rendered in favor of plaintiffs and against Community Motors and Chrysler, in solido, in the amount of $400.00 for defects in the gas tank; because we do not find Community Motors to have been dilatory in performing the necessary repairs judgment is rendered granting Community Motors indemnification against Chrysler in this matter.
Further judgment is rendered in favor of plaintiffs and against Community Motors in the amount of $100.00 for defects in the air conditioner; judgment is rendered granting Community Motors indemnification against David Cooper d/b/a Cooper's Automotive Warehouse Distributor in this matter.
In addition, because we do not find Community Motors to have been in bad faith, none of plaintiff's attorney fees will be allowed against Community Motors. However, a manufacturer is presumed to be in bad faith. Borne v. Mike Persia Chevrolet Company, Inc., 396 So.2d 326 (La.App. 4th Cir.1981), writ denied, 401 So.2d 976 (La.1981). Therefore, plaintiffs are granted an award of $750.00 in attorney fees against Chrysler. In addition, Community Motors is granted an award of $750.00 in attorney fees against Chrysler. The original award of $3,500.00 in attorney fees to both plaintiff and Community Motors is reduced because we find it to be excessive. For the same reason, there will be no additional award of attorney fees for appeal. Costs are to be paid by defendant-appellant Chrysler Corporation and third party defendant David Cooper d/b/a Cooper's Automotive Warehouse Distributor.
REVERSED IN PART, AMENDED IN PART, AND RENDERED.