459 So.2d 1277 (1984)
Georgia P. LUSK
v.
DURHAM PONTIAC-CADILLAC, INC.
No. 83 CA 1254.
Court of Appeal of Louisiana, First Circuit.
November 20, 1984.
*1278 Johnny S. McGary, Ponchatoula, for plaintiff-appellant.
Rodney C. Cashe, Hammond, for defendant-appellee Durham Pontiac-Cadillac, Inc.
R. Michael Caldwell, Baton Rouge, for defendant-appellee Safeco Ins. Co.
Arthur S. Mann, III, New Orleans, for defendant-appellee General Motors Acceptance Corp.
Before WATKINS, CRAIN and ALFORD, JJ.
CRAIN, Judge.
This is an appeal from a judgment of the trial court in a redhibition suit, granting defendant, Durham Pontiac-Cadillac, Inc. (Durham), a new trial and remitting the trial court's previous damage award to plaintiff, Georgia Lusk.

FACTS
On October 27, 1979, Georgia Lusk purchased a 1979 Toyota Corona from Durham. The car had been used as a demonstrator *1279 and had 5105 miles registered on its odometer at the time of sale.
Shortly after the purchase, plaintiff noticed an unusual tendency of the car to wear out tires. She returned the car on at least two occasions to Durham for repair. The first time she brought the car in for repair, it was kept for two or three days. The second time, Durham kept the car for approximately two months. Both of these attempts at repair were unsuccessful, and in October 1980, plaintiff tendered the vehicle to Durham and requested return of the purchase price.
The car remained in Durham's possession from October 1980 until February 17, 1981. On February 17, 1981, the car was totally destroyed in an auto accident while being test-driven by a representative of Toyota at defendant's request.
After tender of the vehicle to Durham, plaintiff had discontinued her car payments to GMAC and, consequently, GMAC brought executory proceedings against the plaintiff. The car was seized and placed in defendant's custody. After the car was wrecked, it was sold at Sheriff's sale for $667.00 to GMAC.
Safeco Insurance Company (Safeco), liability insurer of the driver of the car which destroyed plaintiff's vehicle, paid General Motors Acceptance Corporation (GMAC) $5290.49 for property damage to the car.

TRIAL COURT
On November 7, 1980, after returning the car to defendant, plaintiff filed a petition for redhibitory action against defendant. Defendant answered and filed a third party demand against Safeco. Plaintiff filed a so-called "Third Party Demand" against Safeco, which was later amended to read "Petition for Damages". Safeco answered these demands and named GMAC as third party defendant. GMAC answered and filed a reconventional demand against the plaintiff.
After trial on the merits, the trial court made the following findings of fact:
(1) Defendant made a full disclosure to plaintiff of the fact that the Toyota automobile purchased by her was a demonstrator and had mileage on it at the time of purchase.
(2) There was a defect in the automobile at the time of purchase by plaintiff.
(3) The defect was of such a nature that it could be repaired.
(4) The defect was repaired by defendant.
(5) The last payment to GMAC was made in November of 1980.
(6) The collision damage to the Toyota was caused solely by Mrs. Gladys Treece, the insured of Safeco, in the rear-end collision.
(7) The agents of General Motors and defendant were in no way contributorily negligent in the accident.
(8) The car was a total loss as a result of the rear-end collision.
The court held that plaintiff was entitled to $1250.00 in damages and $750.00 in attorney's fees. The court also found that Safeco properly paid GMAC $5,290.49 for damage to the vehicle and that GMAC was entitled to judgment against plaintiff in the amount of $3611.34the balance due after the proceeds of the Sheriff's sale and the amount paid by Safeco had been applied.
Plaintiff's suit against Safeco, defendant's third party demand against Safeco, and Safeco's third party demand against GMAC were all dismissed.[1]
Defendant filed a motion for a new trial, which was granted by the trial judge on the sole issue of the amount of damages, if any, to be awarded plaintiff against defendant. After a new trial was held, the trial court amended its earlier damage award, eliminating everything except $80.00 paid by plaintiff for wheel alignment. The previous award of attorney's fees was also disallowed. From that judgment plaintiff appeals, assigning the following as error:

*1280 (1) The trial court's decision granting defendant a new trial and remitting its previous damage award is contrary to the law and evidence.
(2) The trial court's original award of only $750.00 as attorney's fees was inadequate and its failure to award attorney's fees on the retrial is clearly wrong.

REDUCTION IN PURCHASE PRICE AND DAMAGES
Once a defect is proved in a redhibitory action, one of two remedies is appropriate. Under La.C.C. art. 2520, a buyer is entitled to recission of the sale if the defects in the thing bought render it absolutely useless or its use so inconvenient or imperfect that an informed buyer would not have bought it. Leonard v. Daigle Pontiac-Buick-GMC, Inc., 413 So.2d 577 (La.App. 1st Cir.1982). If the defects can not be considered of the magnitude necessary to support recission of the sale, a reduction of the purchase price, rather than a recission, is called for. La.C.C. art. 2541, Leonard, supra.
Apparently, after finding a defect existed in plaintiff's Toyota, the trial judge determined that the appropriate remedy was a reduction in purchase price (although it is not labeled such in his findings of fact).
In his original findings of fact the trial judge found:
1. Plaintiff is entitled to judgment for the damages suffered by her as a result of the defects in the Toyota purchased from the defendant in the amount of $1,250.00. This amount takes into consideration that plaintiff was able to drive the car approximately 15,000 miles. Plaintiff is also entitled to attorney's fees in the amount of $750.00. Said amounts are to bear legal interest from the date of judicial demand. Inasmuch as the defects were repairable and were, in fact, repaired by the defendant, plaintiff is not entitled to a rescission of the sale.
On new trial, those findings of fact were amended as follows:
The Court having considered the testimony of the plaintiff at the new trial, and compared it with the testimony of plaintiff given at the original trial, it is the opinion of this Court that it erred in its original findings as pertains to the amount of damages awarded to said plaintiff. In computing the damages, the Court had originally taken into consideration the two months that the vehicle remained in defendant's shop awaiting repairs. It had considered the monthly payments made by plaintiff during that period of time, as well as the inconvenience of not having the car available. It also considered the value of three new tires which it believed that plaintiff had placed on the vehicle, due to the wear caused by the defect. Having reviewed the testimony of plaintiff at both the original trial and the new trial, this Court finds that plaintiff did not carry out her burden of proof that the vehicle remained on the premises of defendant for a period of two months due to any fault of said defendant, nor that plaintiff was prohibited from using it during that two month period. She did not remember if she had ever contacted the defendant to see if she could have used it. Accordingly, she is not entitled to the original damages awarded for the payments which she made to GMAC, nor the loss of use of the vehicle during the said two month period, nor any inconvenience occasioned thereby.
The testimony at the new trial also revealed that she had no information about the three tires allegedly placed on the car. She did not know if the tires were new, or what their cost was, as the husband allegedly handled that. Therefore, she would not be entitled to the value of the tires.
The proper measure of damages in an action to reduce the sale price is the difference between the actual sale price and the price a reasonable buyer and seller would have agreed upon, if they had both known of the defect. Leonard, supra; Wade v. McInnis-Peterson Chevrolet, Inc., 307 So.2d 798 (La.App. 1st Cir.1975). One *1281 of the principal elements in formulating the award is the cost of repairing the defects which existed at the time of sale. Menville v. Stephens Chevrolet, Inc., 300 So.2d 858 (La.App. 4th Cir.1974), writ denied, 303 So.2d 186 (La.1974). Plaintiff also has a right to be compensated for uncured defects, curtailment of use and the considerable inconvenience caused by the defects, as well as the expenses of the repair. Leonard, supra; Menville, supra.
The cost of repair was never introduced into evidence in this case and therefore never considered by the trial judge. For that reason, we find it necessary to remand this case for the taking of evidence on the cost of repair and a new determination of the reduction in purchase price taking the cost of repair into consideration.
In his original judgment, the trial judge awarded $1250.00 in "damages", taking into consideration the inconvenience caused by the failure of defendant to cure the car's defect, the amount of time plaintiff was without transportation, the amount of plaintiff's car payments during the time she was without her car, and the cost of three new tires. We find these to be proper items for which compensation is allowed in addition to cost of repair.
However, upon new trial, the total amount awarded for these items was reduced to $80.00, the trial judge reasoning that plaintiff had failed to prove that her car remained at defendant's for a two month period due to defendant's fault and also failed to prove the purchase and cost of the three tires. While we agree with the trial judge that the purchase of three tires was not proved and the amount awarded should be reduced accordingly, we must agree with plaintiff that the trial court erred in disallowing compensatory damages for the two month period defendant had possession of plaintiff's car.
Plaintiff testified, that:
(1) She left her car with Durham twice the first time for 2-3 days, the second time2 months. She could not specify dates;
(2) Durham never called and told her the car was fixed during the two month period;
(3) She called Durham at least once during this period and was told that they were waiting on a part;
(4) She had no choice but to leave the car there until it was fixed because she couldn't afford the tires.
Defendant's testimony was as follows:
(1) The car was left at Durham for 2 months;
(2) The car was actually repaired within 2-3 weeks;
(3) Durham's general manager testified that he was told by his service personnel that they had tried to reach plaintiff, but she had changed addresses.
Plaintiff testified that she continued to have the same address and phone number that Durham carried on its records; however, she was never notified of her car's repair.
Finally, it is clear from the record that regardless of whether plaintiff was notified and could have picked up the car during the two month period, the car was not properly repaired at this time, but continued to give plaintiff problems due to a bent frame after she got it back. The testimony is that the actual repair of the car took place after it was tendered to Durham in October of 1980, not during the original two month period.
In view of those facts, we find that plaintiff's vehicle remained on defendant's premises for two months. Although, the plaintiff was not "prohibited" from using the car, she would have been using it without it having been repaired.
Therefore we find that the trial judge's original award should be reinstated with the exception of the allowance made for the purchase of three new tires. This figure should then be added to the cost of repair in order to determine the appropriate reduction in purchase price.

ATTORNEY FEES
In plaintiff's second assignment of error, she argues that the trial court's original *1282 award of $750.00 attorney's fees is inadequate and its failure to award attorney's fees on retrial is clearly wrong.
A seller of a thing is liable for attorney's fees in a redhibition action only if it has knowledge of the vice of the thing which it sells. La.C.C. art. 2545. There is no evidence in this case to support a finding of knowledge of the defect on Durham's part at the time of the sale. For that reason, plaintiff is not entitled to any attorney's fees.
For the foregoing reasons, judgment of the trial court limiting plaintiff's reduction in purchase price to $80.00 is reversed. This case is remanded to the trial court for a determination of a reduction in purchase price consistent with the views expressed in this opinion. All costs are to be paid by defendant.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
NOTES
[1] Plaintiff does not assign as error the dismissal of its suit against Safeco. Additionally, neither the defendant nor Safeco appeal the dismissal of their third party demands.