461 So.2d 395 (1984)
Stephanie D. Chalmers, wife of/and Gordon G. CHALMERS
v.
STEPHENS CHEVROLET, INC.
No. CA-2097.
Court of Appeal of Louisiana, Fourth Circuit.
December 10, 1984.
*397 William J. Wegmann, Sr., William J. Wegmann, Jr., Law Firm of William J. Wegmann, New Orleans, for plaintiffs-appellees.
Thomas M. Young, Turner, Young & Hebbler, New Orleans, for defendant-appellant.
Before SCHOTT, BARRY and CIACCIO, JJ.
BARRY, Judge.
The defendant automobile dealer in this redhibitory action appeals a $14,616.64 judgment.
Gordon and Stephanie Chalmers purchased a 1981 DeLorean automobile on September 11, 1981 for $29,880.50 from Stephens Chevrolet. Alleging the existence of vices and negligent repair, plaintiffs sued for rescission of the sale or reduction of the purchase price and damages. The $14,616.64 judgment included $12,500.00 for reduction of the purchase price and $2,116.64 for repairs by Royal Oldsmobile. Defendant contends the vehicle had no redhibitory vices, the transmission repairs (by Royal) were not latent defects, and damages should not be awarded against a good faith seller. Plaintiffs ask that the judgment be affirmed.[1]
Mrs. Chalmers testified she gave the automobile to her husband for his personal useto and from work (a short distance from their home) and for weekend enjoyment. Mr. Chalmers stated that on the first day the driver's door did not close properly and the windows did not function. Within a few days the car had to be towed to Stephens to replace a defective radiator and repair the front end suspension system. Many other problems developed during the first year of ownership. The windows and doors were constant problems; freon and gasoline fumes filled the automobile; the air conditioner malfunctioned; the battery did not keep a charge even after a more powerful alternator had been installed; the radiator overheated because of a faulty cooling system.
Problems persisted after suit was filed. Michael Palmer, an insurance adjuster, was called in by the Chalmers' attorney to investigate the car. He kept the car for seven days, drove it and had his employees drive it. Palmer's subsequent report stated rotten egg and gas smells came and went, that the vehicle rode "extremely rough" and "did not handle well," and the battery died on two occasions. On December 16, 1982, Dewey Vale, an employee of the adjusting firm, attempted to drive the car and the transmission stuck, requiring a tow to Royal. The repair order stated the transmission was stuck in third gear and there was a bad fuel leak. Randy Traylor, the DeLorean mechanic at Royal, testified the fifth gear shift fork had bent, and the fifth gear was damaged and not repaired until April, 1983. On July 21, 1983 the car went back to Royal with further complaints about the windows, door seal and light, cooling fan circuit, air conditioning, vibrations and a broken hood release. On August 23, 1983 a bolt came loose from the transmission linkage and the vehicle went back to Royal.
It is uncontroverted that the car was in the shop twelve times in thirteen months. In the first year Mr. Chalmers estimated Stephens had the car five-eight months. It *398 appears the car was functional about 50% of the time, at best. The value for work by Stephens (had the Chalmers been charged), was about $3,500. Mr. Chalmers said that he usually put about 15,000 miles on the family car during one year, but after one year the DeLorean had 4,027 miles.
Redhibition in La.C.C. Art. 2520 provides: Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.
The plaintiff in a redhibitory action need only prove that the defect, neither apparent or known to him, existed at the time of purchase and renders the thing sold useless for its intended purpose or so inconvenient in its use that it would be supposed the purchaser would not have purchased the product had he known of the defect. La.C.C. Art. 2530. Dickerson v. Begnaud Motors, Inc., 446 So.2d 536 (La. App. 3rd Cir.1984), writ denied 449 So.2d 1349. Before the sale may be rescinded the purchaser must tender the thing for repair to a good faith seller. La.C.C. Art. 2531; Hock v. Sea Camper of New Orleans, Inc., 419 So.2d 1315 (La.App. 4th Cir.1982), writ denied 423 So.2d 1182 (La. 1982). The proof of the defect need not be by direct or expert testimony; the plaintiff need only show the thing failed to perform in the intended manner during normal use. MaGee Motors, Inc. v. Moran, 393 So.2d 757 (La.App. 1st Cir.1980); Rey v. Cuccia, 298 So.2d 840 (La.1974).
A defect manifesting itself within three days immediately following the sale is presumed to have existed before the sale, La.C.C. Art. 2530; later appearing defects may be inferred to have pre-existed the sale when such defects would not usually result from ordinary use. Griffin v. Coleman Oldsmobile, 424 So.2d 1116 (La. App. 1st Cir.1982). See also Moreno's Inc. v. Lake Charles Catholic High Schools, Inc., 315 So.2d 660 (La.1975). Multiple defects can collectively form the basis of a redhibitory action even though many vices are minor or have been repaired. Davidson v. New Roads Motor Company Inc., 385 So.2d 319 (La.App. 1st Cir.1980), writ refused 391 So.2d 454 (La.1980). Perrin v. Read Imports, Inc., 359 So.2d 738 (La.App. 4th Cir.1978).
From the testimony as well as numerous repair orders from Stephens, it is obvious that Mr. and Mrs. Chalmers had serious problems with their automobile from day one. Some problems were minor, but others were serious and recurring even though Stephens was given every opportunity to repair. Complaints about the fumes inside the car and the battery were documented by the insurance adjuster in a letter dated January 11, 1983. The door gaskets, windows, air conditioner, cooling fan for the radiator and fuel pump system remained problems, according to plaintiffs and Royal's repair orders. Mr. and Mrs. Chalmers testified they would not have purchased the vehicle had they known of the inherent defects. It would be difficult to believe otherwise.
Problematic to us is the faulty transmission which did not surface until fifteen months after the sale. The Chalmers' expert testified the fork would bend over a period of time and result in the transmission noise and difficulty in shifting gears. Such problems were not experienced by the Chalmers. Since the circumstances indicate no one noticed a deterioration in the transmission or the gears, plaintiffs have not shown the problem more probably than not was caused by a redhibitory defect. See Moreno's, Inc., supra. The later problem with the loose bolt in the transmission linkage was not caused by a defective bolt and is not redhibitory in nature.
The other repairs at Royal[2] relating to the fuel system, windows, door seals, lights, radiator cooling fan, air conditioner and vibration in the front end were also *399 problems shown on repair orders at Stephens. These defects, considered in toto, certainly rendered the automobile so inconvenient that it must be supposed plaintiffs would not have paid almost $30,000.00 had they known of the defects. This automobile would certainly qualify as a "lemon" and support a redhibitory claim. See Anselmo v. Chrysler Corp., 414 So.2d 872 (La.App. 4th Cir.1982); Redmann, Redhibition in Louisiana; Its Uses and Its Problems Today, 50 Tul.L.Rev. 530, 536 (1976).
Great weight must be given to the trial judge's finding that the defect existed at the time of the sale and that a reduction in price was warranted. Weber v. Crescent Ford Truck Sales, Inc., 393 So.2d 919 (La.App. 4th Cir.1981), writ denied 400 So.2d 667. The trial court has the right to determine that a reduction in price is appropriate rather than a full rescission of the sale. La.C.C. Art. 2543. The factors to be considered in determining the appropriate reduction of price were discussed by this court in Menville v. Stephens Chevrolet, Inc., 300 So.2d 858, 861-62 (La.App. 4th Cir.1974), writ denied 303 So.2d 186 (La.1974).
When a judge orders reduction of the sale price, one of the principal elements in formulating the award is the cost of repairing the defects which existed at the time of the sale. The cost of repairs, however, is not necessarily the sole measure of the diminution of value resulting from these defects. If the defects are few in number and quickly and simply remedied, the cost of repair may well be the only consideration. But when the defects are numerous and the repairs lengthy and frequent, then a greater reduction is warranted, because a forewarned buyer would not reasonably pay the full price, reduced only by the cost of repairs, if he knew the extensive repairs of the defects would significantly curtail his use and cause him considerable inconvenience and aggravation. The diminution which the trial judge may decree under C.C. art. 2543 is theoretically the difference between the sale price and the price the reasonable buyer and seller would have agreed upon if they had known of the defects.
Also see Ashley v. Volkswagen of America, Inc., 380 So.2d 702 (La.App. 4th Cir. 1980).
In determining the theoretical value of the diminution to be awarded, evidence may consist of "expert opinion testimony of costs expended to place the thing in sound condition, or of other facts bearing on the reduced price a forewarned buyer would have paid...." Menville, 300 So.2d at 862.
The record shows almost $3,600 of work by Stephens plus $2,116.64 by Royal which the Chalmers paid. Marlin Rittenberry of Atlantic Highway Motor Car Company testified the wholesale bid for the car was $10,300 in order to sell it for $10,700. This figure is not dispositive of the price a reasonable buyer and seller would have agreed upon had they known of the defects at the time of the sale. How much the original sale price should be reduced is not directly related to the price obtained on resale. Bendana v. Mossy Motors, Inc., 347 So.2d 946 (La.App. 4th Cir.1977). Menville, at pp. 862, said:
But in the final analysis the trier of fact cannot mathematically calculate what price the parties would have agreed to, if they had known of the defects; the trier must consider the overall evidence and, using limited discretion, must set a reduced sale price which fictionally represents the fair value at the time of sale.
The $12,500 award was not an abuse of the trial court's ever present discretion.
The trial court also awarded $2,116.64 in "damages" for repairs at Royal. Although the trial court said "damages," that amount should be part of the general award. See Lehn v. Clearview Dodge Sales, Inc., 400 So.2d 317 (La.App. 4th Cir.1981), writ denied 406 So.2d 608 (La.1981).
However, all of the $2,116.64 does not represent repairs due to redhibitory defects. *400 The cost of repairing the transmission on April 19, 1983 for $1,292.12 and on August 23, 1983 for $123.70, along with the $45.00 charge for repairing the hood release cable (as a result of wear) on July 21, 1983 should not have been awarded. Therefore, cost of repairs at Royal are reduced by $1,460.82 to $655.82.
Accordingly, the judgment is amended to reduce the principal award to $13,155.82 and otherwise affirmed.
AMENDED; AFFIRMED.
NOTES
[1] According to plaintiffs' brief, after judgment in the trial court the Chalmers sold the automobile. Therefore, they withdraw their demand for rescission of the sale.
[2] The broken hood release cable was attributed to wear and tear by Randy Traylor's testimony.