YELVERTON, Judge.
Eunice Implement Company, seller of a farm tractor to plaintiff, Blyn Rozas, appeals a judgment awarding Rozas a reduction of price in the amount of $12,325, occasioned by redhibitory defects in the tractor. The appeal attacks both the finding of redhibitory defects and the amount of the award. We affirm.
Rozas purchased a new White “Field Boss” 2-150 tractor for farm use from defendant, Eunice Implement Company, on November 29, 1976, for $23,430.39. The purchaser had numerous problems with the tractor until it was traded to a dealer in Arkansas on January 14, 1982, for a trade-in allowance of $8,000. The defects of which plaintiff complained in his petition, and concerning which evidence was offered at the trial, focused on the brakes, the engine, the transmission and the rear end of the tractor.
The evidence disclosed that plaintiff began using the new tractor in March 1977 about three months after its purchase. The brakes went out two to three days after it was first used. Defendant repaired the brakes but they soon failed again. It was returned to defendant’s place of business for further repair. Defendant worked on the brakes 15 times while the plaintiff owned the tractor. The last time was in Décember of 1981 when a factory repairman discovered that the internal brake housing was warped. On that occasion plaintiff told defendant to try to fix it but that he was going to trade it regardless, and he in fact did trade it in the next month. A tender to the defendant and to the manufacturer, which had been made in July 1981, was refused.
The brake problem was only one source of difficulty; there was testimony that plaintiff had even more problems with the transmission, the engine and the rear end. The repair invoices in evidence total over $9,000 during the four years plaintiff owned the vehicle. These repairs were made in the areas where the complaints of malfunction were concentrated, including an engine overhaul. We agree with the trial court, based upon a study of the numerous invoices in the record, that over $7,000 of the invoices are readily attributable to repairs of defects, not ordinary maintenance costs. These invoices support the extensive testimony of witnesses, including the testimony of plaintiff, regarding the tractor’s defects, and we have no difficulty affirming the trial court’s determination that the tractor was defective. His ruling in this regard is correct and will not be disturbed.
Plaintiff originally sued the seller, Eunice Implement Company, as well as the manufacturer, White Farm Implement Company. Pending trial, White was placed under Chapter 11 bankruptcy and a stay order was issued prohibiting further proceedings against it except through the bankruptcy court. For that reason, Rozas moved to sever the manufacturer, and the motion was granted. The present case involves only the seller.'
The trial court found that the tractor had redhibitory defects but that since plaintiff no longer had possession of it, plaintiff was entitled only to an action for reduction of the price. It found the seller was in good faith. It granted plaintiff a judgment for $12,325.50 in quanti minoris. Of this amount, $7,478.78 was itemized as plaintiff’s reimbursement for repair costs paid by him occasioned by the defects. The difference was the result of a calculation by the trial court that took into account the depreciation of the tractor over the four years plaintiff had it, reduced by an allowance representing a credit for use.
This judgment is attacked by two assignments of error. We have already discussed the first issue, whether or not there existed redhibitory defects, finding that the evidence clearly supports a judgment awarding plaintiff a reduction of price. The primary issue on appeal is the *731 amount of the judgment, or reduction of price, which was awarded. We have carefully examined the evidence in this regard, and, although we do not fully agree with the trial court’s calculations employed in reaching the total award, we find that the amount awarded is supported by the evidence, and we affirm it.
The process of reasoning by which the trial court reached its award of $12,325.50 was as follows: first, the court subtracted the trade-in allowance of $8,000 which plaintiff received when he sold the tractor, from the purchase price of $23,430.39, which he paid defendant when he bought it, and came up with a figure of $15,430.39. To this the trial court added $7,478.78, representing its calculation of what plaintiff paid for repairs made necessary by the defects. This total, $22,909.17, was determined by the trial court to have been the total loss suffered by plaintiff. The court then calculated depreciation at the rate of $2,343 per year for four years, or a total of $9,372, and also a credit for use which the court determined was 20 percent of the difference between the purchase price less the trade-in and the depreciation, the credit for use being $1,211.67. Deducting these two amounts, totaling $10,538.67, from the total loss, the trial court reached the figure for which it gave plaintiff judgment, $12,-325.50.
Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold. La.C.C.Code art. 2520. There are times when the vices of the thing sold occasion only a reduction of the price. La.C.C. articles 2541-2544. One such circumstance is where, as here, the buyer has sold the thing purchased and can no longer return the thing to the seller. Capitol City Leasing Corp. v. Hill, 404 So.2d 935 (La.1981). In the instant case the trial court properly limited plaintiff’s recovery to a reduction of the price.
The reduction in price is determined by figuring the difference between the sale price and the price a reasonable buyer and seller would have agreed upon if they had known of the defects. Capitol City Leasing Corp. v. Hill, supra. There is no mathematical formula for a determination of this price. Baham v. Community Motors, Inc., 428 So.2d 867 (La.App. 1st Cir.1983). Certain factors should be considered, such as the number of problems, the inconvenience associated with breakdowns and repairs, repair costs paid by the purchaser, and the overall poor performance of the thing in relation to what was expected. Menville v. Stephens Chevrolet, Inc., 300 So.2d 858 (La.App. 4th Cir.1974), writ denied 303 So.2d 186 (La.1974). As Judge (now Justice) Lemmon said in Men-ville:
“[WJhen the defects are numerous and the repairs lengthy and frequent, then a greater reduction is warranted, because a forewarned buyer would not reasonably pay the full price, reduced only by the cost of repairs, if he knew the extensive repairs of the defects would significantly curtail his use and cause him considerable inconvenience and aggravation. The diminution which the trial judge may decree under C.C. art. 2543 is theoretically the difference between the sale price and the price the reasonable buyer and seller would have agreed upon if they had known of the defects.”
There is also a measure of discretion involved in the trier of fact’s determination of reduction of price. Menville, supra; Bendana v. Mossy Motors, Inc., 347 So.2d 946 (La.App. 4th Cir.1977). If the purchaser has resold the thing, the resale value is not particularly relevant to the action in quanti minoris. Id.
In a good faith sale credit for use may sometimes justifiably reduce the recovery by a plaintiff, but, as was said in Alexander v. Burroughs Corp., 359 So.2d 607 (La.1978), quoted in Capitol City Leasing Corp. v. Hill, supra:
“[Ejven the value of an extensive use may be overridden by great inconveniences incurred because of the defective nature of the thing and constant interruptions in service caused by the seller’s attempts to repair.”
*732 Based on the above authorities, we disagree with the trial judge’s reasoning in several particulars. First, we disagree with the use of the trade-in allowance in the calculations of the reduction in price. In addition, we have found no authority for using depreciation as a factor. Also, we cannot agree that a credit for use should be given; for the same reasons as given by our Supreme Court in Capitol City Leasing Corp. v. Hill, supra, we think any credit for use was overridden by the inconvenience and constant interruption in service occasioned by the defects and attempts to repair this tractor. We note in this regard that a farm tractor is used seasonally, and that the constant repairs to which this vehicle was subjected occurred for the most part during the times that plaintiff needed the tractor for his soybean cultivations. Finally, we disagree with the trial court as to the amount of reimbursement to which the plaintiff is entitled for his own actual repair costs. Our calculation of this amount comes to $5,062.55.
Nevertheless, we think that the total award of $12,325 represents a fair amount for which plaintiff should have judgment. In our opinion, considering that the original price was $23,430, had a reasonable buyer and seller known of the defects at the time of the sale, the price would have been in the vicinity of $7,500 less than what plaintiff paid. (Compare Baham v. Community Motors, Inc., supra, where the First Circuit found a similar reduction in price justified for a $23,000 defective motor home.) Adding this amount to the figure which we have determined was the out of pocket cost of plaintiff occasioned by the defects in the tractor, we reach an award which is substantially the same as the award granted by the trial court. We accordingly find that the evidence in the case supports the judgment.
For these reasons, the judgment of the trial court is affirmed, appellant to pay the cost of this appeal.
AFFIRMED.