**LOUISIANA AFL–CIO,**
**Plaintiff-Appellee,**

v.

**LANIER BUSINESS PRODUCTS, INC.,**
**Defendant, Third Party**
**Plaintiff-Appellant,**

v.

**Martin BENNETT, Third Party**
**Defendant-Appellee.**

No. 85–3646.

United States Court of Appeals,
Fifth Circuit.

Aug. 27, 1986.
Rehearing Denied Sept. 23, 1986.

William D. Grimley, Baton Rouge, La., for defendant, third-party plaintiff-appellant.

Daniel L. Avant, John L. Avant, Baton Rouge, La., for Louisiana, plaintiff-appellee.

Before GARWOOD and HILL, Circuit Judges, and WILL,* Senior District Judge.

## OPINION

ROBERT MADDEN HILL, Circuit Judge:

In this Louisiana diversity case we are presented with the question whether a plaintiff in a redhibitory action may obtain a reduction in price for the inconvenience caused by the product and for the overall poor performance of the product. We answer the question in the affirmative. We further hold that the district court's findings of fact are not clearly erroneous, that the district court acted within its discretion in determining the amount of the reduction, and that an unincorporated association may obtain a reduction in price for inconvenience and poor performance. We therefore affirm the judgment of the district court.

### I.

In early 1980 Gordon Flory, an employee of the plaintiff Louisiana AFL–CIO (the AFL–CIO), contacted the defendant Lanier Business Products, Inc., (Lanier) concerning the AFL–CIO's interest in purchasing a word processing system. A Lanier salesperson, Martyn Bennett, contacted Flory and discussed with Flory the AFL–CIO's needs and explained to him the Lanier word processing product line. The AFL–CIO wanted a system that would, in addition to the usual word processing capabilities, prepare a paper master with the same reproductive qualities as the metal masters the AFL–CIO was then using to produce its annual convention booklets.

In February 1980 the AFL–CIO purchased a Lanier word processing system, consisting of two work stations, two printers, a central memory unit, and various accessories, for approximately $52,000. After Lanier installed the system the AFL–CIO encountered numerous difficulties with it. The system occasionally lost stored information, periodically froze up, and at times the work station screens would go blank or dots would appear all over the screen. At other times the envelope feeding system failed, the sorter was inoperable, the bold type function did not work, the right hand margin justification feature failed, and the proportional print option would not operate properly. Additionally, and of great importance to the AFL–CIO, the system failed to produce satisfactory paper masters for use with the AFL–CIO's multilith machine. By the summer of 1981 Lanier had, at its own expense, corrected all of the repairable problems with the system, and the system was operating as best it could; however, the system still did not meet the AFL–CIO's expectations. Specifically, the AFL–CIO could not use the system to produce a high quality convention booklet.

In the fall of 1981 the AFL–CIO filed an action in redhibition in Louisiana state court to rescind the sale.[1] Lanier, a Georgia corporation, removed the action to federal court. Following a three-day trial the

---

* Senior District Judge of the Northern District of Illinois, sitting by designation.

1. Article 2520 of the Louisiana Civil Code defines redhibition and article 2531 outlines the seller's liability in a redhibitory action.

    *Redhibition* is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice. La.Civ.Code Ann art. 2520 (West 1952) (emphasis in original).

    The seller who knew not the vices of the thing is only bound to repair, remedy or correct the vices as provided in Article 2521, or if he be unable or fails to repair, remedy or correct the vice, then he must restore the purchase price, and reimburse the reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the thing, subject to credit for the value of any fruits or use which the purchaser has drawn from it.

    In any case in which the seller is held liable because of redhibitory defects in the thing sold, the seller shall have a corresponding and similar right of action against the manufacturer of the thing for any losses sustained by the seller, and further provided that any provision of any franchise or manufacturer-seller contract or agreement attempting to limit, diminish or prevent such recoupment by the seller shall not be given any force or effect. La.Civ.Code Ann. art. 2531 (West Supp.1986).

district court denied the AFL–CIO's request for rescission, but the court did award the AFL–CIO a reduction in price in the amount of $25,000.[2] Lanier appealed to this court. In an unpublished opinion we found that the evidence warranted a reduction in price, *Louisiana AFL–CIO v. Lanier Business Products, Inc.*, 740 F.2d 965 (5th Cir. July 31, 1984); however, we considered the district court's findings of fact and conclusions of law inadequate to justify the almost fifty percent reduction in price and remanded the case "for the sole purpose of more complete findings of fact and conclusions of law to justify the reduction in price of the equipment sold in the amount of $25,000, or in such other amount as the district court on remand determines is justified."

On remand the district court entered further findings and conclusions to justify the award. The district court detailed the numerous difficulties encountered with the equipment, the numerous service calls required, the time wasted when the machinery malfunctioned, and the various ways in which the system failed to meet the AFL–CIO's needs and expectations. The principal justifications for the court's reduction in price were the inconvenience caused by the difficulties with the system and the poor performance of the system vis-a-vis the AFL–CIO's expectations and Lanier's representations. The court again reduced the price by $25,000, and Lanier has again appealed.

## II.

Lanier argues that the district court erred in considering inconvenience to the AFL–CIO when determining the price reduction. Lanier further maintains, if inconvenience can be considered, that the district court's findings and conclusions do not support a reduction of $25,000 and that an unincorporated association cannot suffer inconvenience. We reject all of Lanier's arguments.

### A.

Lanier first argues that the district court should not have considered inconvenience as an element when determining the price reduction. The Louisiana Supreme Court has yet to decide whether inconvenience is a proper element of price reduction in a redhibitory action;[3] thus, we must predict whether a Louisiana court would permit the consideration of inconvenience in a redhibitory suit. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Dispascal v. New York Life Insurance Co.*, 749 F.2d 255, 260 (5th Cir.1985). In the absence of specific guidance from the Louisiana Supreme Court we look to the following sources when making a prediction of state law: (1) lower state court decisions and supreme court dicta, (2) the lower court ruling in this case, (3) the general rule on the issue, (4) the rule in other states looked to by Louisiana courts when they formulate the substantive law of Louisiana, and (5) other available legal sources, such as treatises, law review commentaries, and restatements. *See Jackson v. Johns-Manville Sales Corp.*, 781 F.2d 394, 397–98 (5th Cir.1986) (en banc). Due to the unique nature of the Louisiana civil law system, the third and fourth listed sources provide little guidance; however, the first and second listed sources provide ample guidance for our decision. In light of the ample guidance provided by the first and second sources, we need not resort to the fifth source.

**2.** Article 2543 permits the judge, rather than ordering rescission, to decree a reduction in purchase price in a redhibitory suit. La.Civ. Code Ann. art. 2543 (West 1952) ("But in a redhibitory suit, the judge may decree merely a reduction of the price."); *see generally Baham v. Community Motors, Inc.*, 428 So.2d 867 (La.Ct. App. 1st Cir.1983).

**3.** Our discussion takes place in the context of a redhibitory action; however, the principles we discuss would also apply in a quanti minoris action, i.e., an action for a price reduction only. *See* La.Civ.Code Ann. art. 2544 (West 1952). While the principles we discuss apply to both types of actions, for the sake of brevity and convenience we will refer only to the redhibitory action throughout the remainder of our opinion.

While the Louisiana Supreme Court has never addressed the issue, the intermediate Louisiana courts have repeatedly faced the issue of whether a plaintiff in a redhibitory action may obtain a reduction in the purchase price due to inconvenience,; however, the decisions of the five Louisiana courts of appeal are not in complete unanimity. In the leading case on the subject the Louisiana Court of Appeals for the Fourth Circuit wrote:

> When a judge orders reduction of the sale price, one of the principal elements in formulating the award is the cost of repairing the defects which existed at the time of the sale. The cost of repairs, however, is not necessarily the sole measure of the diminution of value resulting from these defects. If the defects are few in number and quickly and simply remedied, the cost of repair may well be the only consideration. But when the defects are numerous and the repairs lengthy and frequent, then a greater reduction is warranted, because a forewarned buyer would not reasonably pay the full price, reduced only by the cost of repairs, if he knew the extensive repairs of the defects would significantly curtail his use and cause him considerable inconvenience and aggravation. The diminution which the trial judge may decree under C.C. art. 2543 is theoretically the difference between the sale price and the price the reasonable buyer and seller would have agreed upon if they had known of the defects.
>
> \* \* \* \* \* \*
>
> We conclude that the trial judge, in making this determination, properly considered the numerous problems, the frequent inconvenience associated with breakdowns and repairs of these problems, and the overall poor performance in relation to that expected of Chevrolet's highest priced car.

*Menville v. Stephens Chevrolet, Inc.,* 300 So.2d 858, 861–62 (La.Ct.App. 4th Cir.), *writ denied,* 303 So.2d 186 (La.1974).

Since the decision in *Menville,* the Louisiana Court of Appeals for the Fourth Circuit has repeatedly recommitted itself to the proposition that a court may consider inconvenience as an element of price reduction in a redhibitory action. *See, e.g., Chalmers v. Stephens Chevrolet, Inc.,* 461 So.2d 395 (La.Ct.App. 4th Cir.1984) ($12,500 reduction for inconvenience and loss of use of car reasonable); *Lehn v. Clearview Dodge Sales, Inc.,* 400 So.2d 317 (La.Ct. App. 4th Cir.) ($6,000 reduction for inconvenience and loss of use of recreational vehicle reasonable), *writ denied,* 406 So.2d 608 (La.1981); *Bendana v. Mossy Motors, Inc.,* 347 So.2d 946 (La.Ct.App. 4th Cir. 1977). The Louisiana Court of Appeals for the Third Circuit has aligned itself with the Fourth Circuit in holding that a court may order a reduction in purchase price due to inconvenience and overall poor performance in relation to the expected performance. *Rozas v. Eunice Implement Co.,* 460 So.2d 729, 731 (La.Ct.App. 3d Cir.1984).

In the one case in direct contravention with *Menville* the Louisiana Court of Appeals for the First Circuit held that a plaintiff could not receive a price reduction for inconvenience. *Burns v. Lamar-Lane Chevrolet, Inc.,* 354 So.2d 620 (La.Ct.App. 1st Cir.1977). ("We must hold that his claims for mental anguish and inconvenience are not compensable in an action in redhibition."). Yet, in numerous decisions since *Burns* the First Circuit has consistently followed *Menville* and repeatedly approved judgments containing a reduction for inconvenience. *See, e.g., Coffey v. Cournoyer Oldsmobile-Cadillac-GMC, Inc,* 484 So.2d 798, 801 (La.Ct.App. 1st Cir.1986) (court of appeals reduced purchase price of car by $4,000 due to recurring problems); *Lusk v. Durham Pontiac-Cadillac, Inc.,* 459 So.2d 1277, 1281 (La.Ct. App. 1st Cir.1984) (defendant owes plaintiff compensation for uncured defects, curtailed use, and inconvenience caused by the defects, as well as for the expenses of repair); *Welch v. Community Motors, Inc.,* 422 So.2d 1196, 1199 (La.Ct.App. 1st Cir.1982) (plaintiffs entitled to $500 reduction for aggravation and inconvenience caused by defects in vehicle), *writs denied,*

426 So.2d 177, 181 (La.1983); *Leonard v. Daigle Pontiac-Buick-GMC, Inc.,* 413 So.2d 577, 580–81 (La.Ct.App. 1st Cir.1982) (plaintiff entitled to $1,500 reduction in purchase price due to inconvenience, aggravation, and curtailment of use caused by automobile's defects); *Darville v. Daigle Pontiac-Buick-GMC, Inc.,* 411 So.2d 502, 504 (La.Ct.App. 1st Cir.1982) (plaintiff entitled to $2,500 reduction in price due to inconvenience, curtailment of use, and fact that defect in automobile was not ultimately repaired); *Lacey v. Baywood Truck & Machinery,* 381 So.2d 863, 866 (La.Ct.App. 1st Cir.) (plaintiff entitled to $6,500 reduction in purchase price of truck for proven defects, frequent breakdowns, associated inconvenience, and continued poor performance after repairs), *aff'd sub. nom. Capital Bank & Trust Co. v. Lacey,* 393 So.2d 668 (La.1980). Thus, while the First Circuit has never overruled *Burns,* in recent years the court has consistently and repeatedly followed *Menville.*

The Louisiana Court of Appeals for the Second Circuit and the Louisiana Court of Appeals for the Fifth Circuit have not yet ruled on whether a plaintiff in a redhibitory action may obtain a reduction in purchase price for the inconvenience incurred. The closest the Second Circuit has come to ruling on whether inconvenience is a consideration in a redhibitory action is to hold that mental anguish and emotional distress are not recoverable in a redhibitory action. *Wallace v. Ford Motor Co.,* 395 So.2d 884, 887 (La.Ct.App. 2d Cir.1981). Lanier argues that the Second Circuit's denial of a reduction for mental anguish and emotional distress forecloses a reduction for inconvenience in that circuit. We disagree. While a reduction for inconvenience might comprise a mental element, *see Leonard,* 413 So.2d at 580–81 (aggravation), the reduction largely goes to cover the physical inconvenience caused by the product, i.e., the repeated trips to the shop and consequent curtailment of use, the lost productivity due to service call interruptions and down time, and the time lost when tasks must be repeated due to equipment failures. *See, e.g., Chalmers,* 461 So.2d at 397

(twelve trips to shop in thirteen months). Thus, in our view, the Second Circuit has never faced nor rejected a claim for inconvenience as an element in a redhibitory action. The remaining intermediate Louisiana court, the newly created Louisiana Court of Appeals for the Fifth Circuit, has also not yet addressed the question whether a plaintiff in a redhibitory action may obtain a reduction for inconvenience caused by defects in the product.

In summary, of the numerous decisions of the Louisiana Court of Appeals addressing the inconvenience question, in only one decision did the court hold that the plaintiff could not obtain a reduction for inconvenience. The overwhelming weight of authority from the intermediate Louisiana courts favors a conclusion that a court may consider inconvenience when determining the appropriate reduction in a redhibitory action. Thus, the first source we turn to when predicting the course of Louisiana law, the decisions of lower Louisiana courts, *Jackson,* 781 F.2d at 397, strongly indicates that the Louisiana Supreme Court would hold that a plaintiff in a redhibitory action may obtain a reduction for inconvenience caused by the defective product.

The second source we turn to, the decision of the federal district court, also points to the same conclusion. The district court in the instant case held that the plaintiff could obtain a reduction in price in part due to the inconvenience caused by the defendant's product. We give "special weight ... to the determination of the district court judge who is familiar with local law." *Green v. Amerada-Hess Corp.,* 612 F.2d 212, 214 (5th Cir.), *cert. denied,* 449 U.S. 952, 101 S.Ct. 356, 66 L.Ed.2d 216 (1980); *see also Smith v. Mobil Corp.,* 719 F.2d 1313, 1317 (5th Cir.1983) ("great weight"). Furthermore, "the district court's interpretation of state law will not be disturbed on appeal unless it is clearly wrong," *Acree v. Shell Oil Co.,* 721 F.2d 524, 525 (5th Cir.1983). Thus, the ruling of the district court further pushes us towards the conclusion that the Louisiana Supreme Court would hold that a plaintiff in a redhibitory

action may obtain a reduction for inconvenience.

■ Based on the overwhelming authority provided by the intermediate Louisiana courts, and further based on the holding of the district court below, we conclude that a plaintiff in a redhibitory action may obtain a reduction in purchase price due to the inconvenience caused by the defects in the defendant's product.

### B.

Lanier next argues that the findings and conclusions of the district court do not adequately support the $25,000 reduction in purchase price. We perceive two arguments contained within the single issue posed by Lanier: (1) the evidence does not support the factual findings made by the district court and (2) the district court's findings, even if they are supported by the evidence, do not justify a reduction of $25,000. While the two subissues are intertwined, we review the issues separately and apply a slightly differing standard of review to each issue.

■ We review the district court's factual findings under the clearly erroneous standard. Fed.R.Civ.P. 52. A finding is not clearly erroneous if it is "plausible in light of the record viewed in its entirety." *Anderson v. City of Bessemer City,* 470 U.S. 564, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518, 528 (1985). We have no hesitancy in upholding the district court's factual findings. Numerous witnesses testified about the difficulties encountered with the Lanier word processing system, the inconvenience the AFL–CIO suffered, and the failure of the system to meet the AFL–CIO's expectations. In light of the ample testimony supporting each of the district court's findings, the findings are entirely plausible, and we refuse to set them aside.

■ Louisiana law permits the district court discretion in determining the amount of the price reduction, and the price reduction awarded will be set aside only for an abuse of that discretion. *See Chalmers v. Stephens Chevrolet, Inc.,* 461 So.2d 395,

399 (La.Ct.App. 4th Cir.1984); *Griffin v. Coleman Oldsmobile, Inc.,* 424 So.2d 1116, 1118 (La.Ct.App. 1st Cir.1982). Since Lanier bore all the costs of repairs, the district court based its reduction on the inconvenience suffered by Lanier and on the overall poor performance of the system in relation to the AFL–CIO's expectations. In ascertaining the price reduction the court determines the difference between the sales price and the price the parties would have agreed on had they known of all the defects. *Capitol City Leasing Corp. v. Hill,* 404 So.2d 935, 939 (La.1981); *Ball v. Ford Motor Co.,* 407 So.2d 777, 781 (La.Ct.App. 1st Cir.1981).

In ascertaining the price the parties would have agreed on had they known of all the defects, the district court considered the numerous difficulties encountered with the word processing system, the substantial inconvenience the AFL–CIO suffered while Lanier spent one and one-half years repairing the system, and, most importantly, the fact that the system will never be able to satisfy the AFL–CIO's needs. In light of the substantial inconvenience caused by the system and the overall poor performance of the system, we find no abuse of discretion in the district court's ruling that, had the parties known of all the defects in the system, they would have agreed to a sales price of only slightly more than one-half of the purchase price. Thus, the district court did not abuse its discretion in decreeing a $25,000 reduction in the purchase price.

### C.

■ Lanier's last contention is that an unincorporated association, such as the AFL–CIO, may not obtain a price reduction for frustration, mental anguish, or emotional distress. While Lanier may be correct, Lanier's argument misses the mark. The court did not decree a reduction based on any mental or emotional damage to the AFL–CIO; rather, the district court decreed a price reduction due to the inconvenience caused by the product and the overall poor performance of the product. As pre-

viously discussed, see *supra* part II. A., inconvenience is not the same as mental anguish or emotional distress; therefore, Lanier's reliance on cases holding that a corporation may not suffer mental anguish or emotional distress is misplaced. We further note that the Louisiana courts have approved reductions for aggravation and inconvenience in a business context. *E.g., Welch v. Community Motors, Inc.,* 422 So.2d 1196, 1199 (La.Ct.App. 1st Cir.1982), *writs denied,* 426 So.2d 177, 181 (La.1983).

Accordingly, we affirm the judgment of the district court.

AFFIRMED.