510 So.2d 1337 (1987)
PHOTO COPY, INC., Plaintiff-Appellant,
v.
SOFTWARE, INC., Defendant-Appellee.
No. 86-703.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1987.
*1338 Stockwell and Assoc., Bernard McLaughlin, Lake Charles, for plaintiff-appellant.
Scofield, Bergstedt Gerard, Mount & Veron P.C., Richard E. Gerard, Lake Charles, for defendant-appellee.
Before GUIDRY, STOKER and DOUCET, JJ.
DOUCET, Judge.
Plaintiff, Photo Copy, Inc., filed suit against defendant, Software, Inc., alleging that it sustained damages caused by the failure of Software, Inc. to deliver a customized computer software package which would perform specific functions and which was to be free from defects. The trial court rendered judgment on May 29, 1986, dismissing both the main demand of Photo Copy, Inc., and the reconventional demand of Software, Inc. It is from this judgment that plaintiff appeals. Defendant answered the appeal urging error in the trial court's rejection of its reconventional demand and in casting defendant for one-half of the court costs.
On January 24, 1984, defendant, Software, Inc., submitted to plaintiff, Photo Copy, Inc., a proposal for an IBM personal computer system and a hardware maintenance agreement. Included in this computer package was to be customized software, which would be used by plaintiff with the proposed computer system. The IBM computer was $5,596.50. The maintenance agreement was an additional $426.00, and the customized software was priced at $4,360.00.
Defendant contracted to furnish a customized software system which would perform accounts receivable, accounts payable, and general ledger functions. The software was to include a series of specifically *1339 designed applications which were to be based on the particular needs of Photo Copy in its everyday business operations.
Plaintiff put a $1,000.00 down payment on the price of the customized software program. Plaintiff contends that the software program did not perform the functions in the manner promised by defendant. As such, plaintiff urges that it was required to pay overtime salary to its bookkeeper in order to do the necessary accounting and invoicing previously performed on the computer system that it was using prior to the installation of the computer obtained from defendant. Additionally, plaintiff contends that in order to issue statements, minimize its losses, and to achieve some utility from the IBM computer obtained from defendant, it was forced to purchase "canned" programs at a cost of $1,190.00. Thus, plaintiff seeks recovery of the $1,000 down payment on the custom software program, along with damages for inconvenience, cost of a replacement commercial program, other damages and reasonable attorney's fees. Defendant reconvened seeking the contract price of the Software less the $1,000 paid. As aforestated, the trial court dismissed plaintiff's demands as well as defendant's reconventional demand.
On appeal, plaintiff first contends that the trial court erred in failing to hold that the custom computer program sold to plaintiff was redhibitorily defective. We agree.
Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased the object, if the buyer would have been aware of the vice or defect in the object. La.C.C. art. 2520. Thus, in order to be successful in a suit for redhibition, it is incumbent upon the buyer to prove that the thing is defective and that he/she would not have purchased the object had he/she known that it was defective.
In this case, when defendant, Software, Inc., obligated itself to provide a custom computer package to plaintiff, it entered into a contract of sale with plaintiff and such sale was subject to our laws of redhibition. Austin's of Monroe v. Bill Brown, d/b/a/ Bastrop-Monroe Cash Register Sales and Service, 474 So.2d 1383 (La.App. 2nd Cir.1985). The specific items that Software, Inc. obligated itself to provide in the custom software package were as follows:
1. The ability to pull up a customer's name when only an invoice is known;
2. The option of being able to isolate individual sections of the aged receivables report;
3. The option to charge or not charge interest;
4. Automatic interest charges on aged accounts;
5. The ability to set up different tax rates for different customers;
6. The ability to pull up an account without knowing the account number, only the account name;
7. The ability to apply a payment to an account and have both the credit memo number and the invoice number appear on the statement;
8. The ability to provide mailing labels from the customer file and;
9. The ability of the statement to state terms and be variable for different invoices.
The personnel of Photo Copy, Inc. relied on the promises made by Software, Inc. to provide the listed features. Some of these features were provided while others were not. Specifically, Software, Inc. readily conceded that it was unable to provide Photo Copy, Inc. with item number one. As previously stated, item number one of the desired features is the ability of the computer to pull up a customer's name when only an invoice is known. The record reveals that out of all the functions requested of the Software, Inc. program, the most important function to Photo Copy, Inc. was this cross-referencing feature. Thus, we conclude that the principal motive or cause which prompted Photo Copy, Inc. to purchase *1340 the custom software package was the assurance that the custom software package would contain this cross-referencing feature. Because Software, Inc. did not do so, we find that the software program was redhibitorily defective and order a diminution in price pursuant to the provision of La.C.C. art. 2543.
Software, Inc. contends that Photo Copy's redhibition action must fail because they were not given the opportunity to perform their obligation after they were put in default. We disagree. Photo Copy, Inc. and its attorney, each sent a letter to Software, Inc., demanding performance. Twelve days later, Photo Copy received correspondence from Software, Inc., stating that some of the features were ready to be installed, others would be ready for installation at a later date, and that item one on the list of features, the cross referencing feature, was not available and could therefore never be installed. By Software's own admission, the feature that was the principal motive for entering into the contract with defendant would never be delivered. Thus, it is illogical for defendant to complain that it was not given the opportunity to perform. Whether plaintiff waited one week or one year for performance would not have made a difference; either way, performance was impossible. Thus, defendant's contention that they were not given the opportunity to perform is without merit.
Having concluded that the custom computer program sold by defendant to plaintiff is redhibitorily defective, our next inquiry is whether plaintiff is entitled to recovery of damages and attorney's fees. In support of his contention that he is entitled to attorney's fees and damages, plaintiff cites La.C.C. art. 2545 which states that a seller who knows of the vice of the things he sells and omits to declare it is answerable to the buyer for damages and reasonable attorney's fees. Additionally, plaintiff cites several cases which stand for the well accepted proposition that a manufacturer of a product is presumed to know of defects in that product. Plaintiff contends that Software, Inc. is not only a seller of the program but is also a manufacturer, thus Software, Inc. is presumed to have known of the defective nature of their program. Accordingly, plaintiff urges that under La.C.C. art. 2545, damages and attorney's fees are due it. We agree. We find that Software, Inc. is the seller and effective manufacturer of the software program. See Austin's of Monroe, Inc., supra. Thus, plaintiff is entitled to the recovery of damages and attorney's fees.
As one item of damages, Photo Copy contends that it is entitled to reimbursement of $1,108.14 in overtime wages paid to its bookkeeper. Plaintiff contends that because of the defects in the program, its bookkeeper was forced to work many overtime hours. We find however, that plaintiff failed to meet its burden of proof on this item of damages. Plaintiff readily admits that its bookkeeper is not a "computer person". In other words, plaintiff's bookkeeper was not experienced in working with computers. Many of the hours were spent typing new data into the system. However, this is to be expected in any new system. Additionally, plaintiff contends that on more than one occasion, the data was completely erased from the system and that the bookkeeper therefore had to start the process all over again. We find, however, that plaintiff failed to show that the erasure was due to a defect in the system, rather than by the bookkeeper's own inexperience with computers. Thus, we reject plaintiff's demand for reimbursement of overtime salary paid to its bookkeeper.
In addition to overtime salary, plaintiff contends that it is entitled to reimbursement of the $437.39 that it paid for customized statements which are unusable without the customized software package. Plaintiff contends that it would not have purchased the customized statements from *1341 defendant had it known of the limitations and inadequacies in the custom software package. We find that plaintiff relied, to its detriment, on the representations of defendant's employees that all of the desired features would be written into the customized program. Based on this representation, plaintiff purchased the customized statements. Because the agreed-upon program could not be delivered, plaintiff was left with $437.97 of useless paper. We find therefore, that plaintiff is entitled to be reimbursed for such amount.
Plaintiff, in its third item of damages, contends that it is entitled to reimbursement for the commercial program it bought at a cost of over $1,000. Plaintiff claims that because defendant never delivered the program as promised, it was forced to buy the commercial program in order to prepare its statements for mailing. Plaintiff adds that the program was purchased in order to mitigate its damages caused by defendant's failure to perform. We find however, that plaintiff is not entitled to reimbursement for such amount. Plaintiff readily admits that it is still using the commercial program and is very pleased with its performance. It would be unfair of this court to allow plaintiff to recover the amount paid for the commercial program when plaintiff has had the enjoyment of its use to date. Thus, we conclude that plaintiff has not suffered any damages in this respect. Accordingly, we reject plaintiff's demand for such amount.
Plaintiff finally contends that it is entitled to reimbursement for the $1,000 down payment defendant received on the price of the software. We agree. Plaintiff paid defendant $1,000 in order to secure delivery of the agreed upon custom software package. Defendant was unable to perform its obligation to deliver the software package as promised. Thus, we find that plaintiff is entitled to reimbursement for such amount.
In addition to all of the above, we find that plaintiff is entitled to the $1,000 prayed for in his petition as reasonable attorney's fees.

RECONVENTIONAL DEMAND
The reconventional demand filed by Software, Inc. seeks payment for the custom software program which could not perform the specific applications that plaintiff had been promised. For the reasons stated hereinabove, we find that defendant is not entitled to such amount.
For the foregoing reasons, the judgment of the trial court dismissing plaintiff's suit is reversed and judgment is now rendered in favor of plaintiff, Photo Copy, Inc. and against defendant, Software, Inc. in the amount of $1,437.97 together with legal interest on said amount from date of judicial demand until paid together with the additional sum of $1,000 as attorney's fees. The judgment of the trial court, insofar as it dismisses defendant's reconventional demand, is affirmed. All costs at the trial level and on appeal are assessed to defendant, Software, Inc.
AFFIRMED IN PART; REVERSED IN PART.
GUIDRY, J., concurs in result.