563 So.2d 1324 (1990)
FAMILY DRUG STORE OF NEW IBERIA, INC., et al., Plaintiffs-Appellants,
v.
GULF STATES COMPUTER SERVICES, INC., Defendant-Appellee.
No. 89-181.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1990.
*1325 Lynn Derouen, New Iberia, for plaintiffs-appellants.
Caffery, Oubre, Dugas & Campbell, Lewis H. Pitman, Jr., New Iberia, for defendant-appellee.
Before DOUCET, LABORDE and KING, JJ.
KING, Judge.
The issue presented on appeal is whether the trial court erred in dismissing plaintiff's suit.
Jerry Wallace, acting for Family Drug Store of New Iberia, Inc. and Thrif-T-Way Pharmacy of Opelousas (hereinafter plaintiffs), purchased a computer software program, known as Medical Supply Stream (hereinafter MSS), from Gulf States Computer Services, Inc. (hereinafter defendant). Within a few days after an initial three day training session, plaintiffs decided that the procedure necessary to operate MSS was too burdensome and requested rescission of the sale and a refund. Defendant refused, and plaintiffs brought a suit in redhibition or, alternatively, to have the sale declared null and void due to error which vitiated consent to the contract of sale. After a trial on the merits, the trial court rendered judgment in favor of defendant and ordered plaintiffs' suit dismissed at their costs. A formal written judgment was signed. Plaintiffs timely appeal. We affirm.

FACTS AND LAW
The trial judge gave excellent written reasons for his judgment, which we adopt as our own, as follows:
"On January 5, 1987, the plaintiffs, Family Drug Store of New Iberia, also known as Delaune's Pharmacy, and Thrif-T-Way Pharmacy of Opelousas, purchased a computer software package known as Medical Supply System (MSS) from the defendant, Gulf States Computer Services, Inc. The plaintiffs were dissatisfied with the software's performance and demanded a refund from the defendant. The defendant refused and the plaintiffs initiated this suit in redhibition for the return of the purchase price or, alternatively, to have the contract of sale declared null and void.
The facts of this case are generally not in dispute. In 1985, Delaune's Pharmacy expanded into the `home medical' field. This is the furnishing of durable medical equipment and other supplies to be used in a non-hospital setting. Delaunes had operated a computer system that used the same hardware, but a different software system. *1326 Jerry Wallace, a registered pharmacist and part owner of Delaune's Pharmacy for over twenty years, testified that he had operated the previous computer system for over ten years and was interested in acquiring another software package to operate a durable medical equipment aspect of the pharmacy. Mr. Wallace stated that he was attracted to the MSS software because it could apparently serve his needs and its price was $2,500.00, as opposed to similar systems costing between $10,000.00 and $15,000.00.
Mr. Wallace, who was authorized to act for both plaintiffs, met with Jeanne Richardson, the defendant's national sales director for two to three hours. He extensively questioned Ms. Richardson about the MSS and Ms. Richardson demonstrated the software for about fifteen minutes. Terms were agreed to with both plaintiffs purchasing software systems for $2,100.00 each in addition to a $500.00 training fee and a $600.00 charge for one year's maintenance. Checks from both firms were delivered to the defendant prior to the commencement of the training session.
Attending the training session for Delaune's Pharmacy and Thrif-T-Way Pharmacy were Shiela Derouen and Janelle Savoie. During the first two days of the training session, Ms. Derouen telephoned Mr. Wallace expressing concern over the manner in which the software had to be operated. Mr. Wallace instructed Ms. Derouen to proceed with the training session. She completed the course and explained the operation of the software to Mr. Wallace. Mr. Wallace found the system unsuitable in the following ways: (1) all data had to be printed out and could not be viewed on the monitor; (2) the information on the monitor would appear in code; (3) numerical codes were needed in opening a new patient file; and (4) the system was unable to scroll. Mr. Wallace informed the defendant of his dissatisfaction with the system and demanded a refund. The defendant refused.
Louisiana Civil Code Article 2520 defines redhibition as `the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.' A vice or defect contemplates a physical imperfection or deformity, for an example, the lack of a necessary component or level of quality. Williams v. Louisiana Machinery Co., Inc., 387 So.2d 8, 11 (La.App. 3rd Cir.1980).
In the case sub judice, the Court notes a surprising unanimity between all the witnesses as to the pertinent facts. The Court encountered no difficulty whatsoever with the credibility of any of the witnesses. Mr. Wallace admitted at trial that the defendant never misrepresented the capabilities and operation of the MSS software. Further, Shiela Derouen testified that the defendant never made any representations to her and conceded that the system does, in fact, turn out a nice result. She expressed concern, however, over the manner of operating the system in order to achieve these results. She stated that the system required additional time and paperwork that was comparable to manual performance of these functions. However, she admitted that she was able to operate the system and reach a final product. The plaintiffs' attorney summed up the situation as he stated in his post-trial brief: `Petitioners acknowledge that the system will produce end results which are acceptable. What is not acceptable is the burdensome procedure that the system has to be used in order to achieve the final results.'
Redhibitory actions have been sustained when computer software is the object of the sale. However, Courts have sustained these actions where they have been misrepresentations by the seller of malfunctions in the software. Photo Copy, Inc. v. Software, Inc., 510 So.2d 1337 (La.App. 3rd Cir.1987): Louisiana AFL-CIO v. Lanier Business Products, 797 F.2d 1364 (5th Cir. 1986).
In examining all of the testimony, the Court finds that the software was not defective *1327 within the contemplation of Louisiana Civil Code Article 2520. No features of the system failed. The system never lost or incorrectly stored information. The defendant did not make any misrepresentations about the software's features and capabilities. The plaintiffs measured the effectiveness of a $2,500.00 system against the results which might have been achieved by $10,000.00 or $15,000.00 systems which were rejected because of their relatively high cost. The MSS software functioned as intended. Hence, a remedy in redhibition must be denied.
Alternatively, the plaintiffs alleged the contract of sale was not enforceable because it lacked mutual assent as to the object sold. Louisiana Civil Code Article 1949 provides that `error vitiates consent only when it concerns a cause without which the obligation would not have been incurred and that cause was known or should have been know [sic] to the other party.' Error may concern a cause when it bears on the thing that is the contractual object or a substantial quality of that thing. Louisiana Civil Code Article 1950. In the instant case, the parties agree that a sale existed prior to the commencement of the training session in that the object to be sold and the amount to be paid were agreed upon prior to the training session. However, the Court finds that there was no error in the contract. There was no testimony by plaintiffs or anyone else of any specific misrepresentations made by the defendant, either during Mr. [sic] Richardson's demonstration or in its description of the software's capabilities. The plaintiffs were informed of the limitations of the system. Hence, the Court finds that the contract is valid...."
We also note that Jerry Wallace testified that he was told at the demonstration by Ms. Richardson that patient files could not be scrolled and that Ms. Richardson told him that you had to know a customer's numerical code and other information about an account because you could not view it in the machine. Ms. Richardson stated at trial that she told Mr. Wallace that when you had to have information about a patient's account it would necessitate hard copies being printed to get the information.
The evidence also showed that updates were added to the MSS software program which were sent to plaintiffs. These software program updates allowed accounts to be viewed on the screen and allowed some scrolling, which apparently would have removed some of the MSS program's inability that formed two of plaintiffs' complaints. The fact that plaintiffs refused to even look at, or use, these software program updates of the MSS program was their own choice; therefore, for this reason, plaintiffs also would not be entitled to a return of their one year maintenance fee.
After reviewing the record, we find that the trial judge committed no manifest error and was not clearly wrong in concluding that no redhibitory defect existed in the MSS software program and that there was no error as to the object of the contract which would vitiate consent to the sale.
For these reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to plaintiffs-appellants.
AFFIRMED.